[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (115)
The above action was commenced by a writ and complaint which claimed damages resulting from the defendant's, Harloc Products, Inc., refusal to pay medical benefits allegedly due the plaintiff, Harry Gaiolini. On March 28, 1990, plaintiff filed its five count amended complaint. The amended complaint alleges the following facts:
Plaintiff's late wife, Lena Gaiolini, was an employee of defendant Harloc Products, Inc. and, was covered under Harloc's health insurance plan. In January, 1985, Mrs. Gaiolini left her employment on sick leave. Insurance coverage was provided to Mrs. Gaiolini until her death in May, 1986. Plaintiff alleges that he became ill in June, 1986, and that he is entitled to coverage under his deceased wife's insurance plan.
Count one of plaintiff's amended complaint seeks common law damages for defendant's alleged failure to provide insurance coverage. Count two seeks recovery of attorney's fees for defendant's alleged common law failure to provide insurance coverage. Count three alleges that defendant failed to act in good faith in refusing to pay plaintiff's claim. Count four seeks damages for violation of 20 U.S.C. § 1001 et seq. and/or 38 C.G.S. 262(c) and (d) statutes obligating employers to offer health benefits to cover individuals after the termination of coverage. The fifth count seeks compensation for emotional distress. Additionally, plaintiff claims punitive damages, costs, attorney's fees and interest.
On April 26, 1990 defendant filed a motion to strike counts one through five. On June 28, 1990 plaintiff filed an objection to the motion to strike.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142
(1989). In ruling on a motion to strike, a court is limited to the facts alleged in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court "cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). Where the legal grounds for a motion to strike are "dependent upon underlying facts not alleged in the plaintiff's pleading, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Id. at 348.
Defendant argues in support of its motion to strike that counts one through five are preempted by ERISA, the Employment Retirement Income Security Act, 29 U.S.C. § 1001 et seq. and should therefore be stricken from the complaint. (Defendant's Memo at p. 2) "ERISA is a remedial statute designed to protect the interests of employees in pension and welfare plans . . ., and to protect employers from conflicting and inconsistent state and local CT Page 3068 regulation of such plans. . . ." Scott v. Gulf Oil Corp.,754 F.2d 1499, 1501 (1985) (citations omitted). The ERISA preemption clause "declares that ERISA shall supersede any and all state laws insofar as they may now or hereafter relate to any employee welfare benefit plan. . . ." Id. at 1052; see 29 U.S.C. § 1144 (a).
Title 29 U.S.C. § 1002 (3) defines "employee benefit plan" or "plan" as "an employee welfare benefit plan or an employee pension benefit plan." In addition, the Department of Labor in 29 C.F.R. § 2510.31 (j) (1987), has issued regulations excluding certain group insurance programs from ERISA's definition of "employee welfare benefit plans":
 (j) Certain group or group-type insurance programs. For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
 (1) No contributions are made by an employer or employee organization;
 (2) Participation in the program is completely voluntary for employees or members
 (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
 (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, or administrative services actually rendered in connection with payroll deductions or dues checkoffs. Id.
Because ERISA preemption is a defense, the burden is on the defendant to prove facts necessary to establish it. Kanne v. Connecticut General Life Ins. Co., 859 F.2d 96, 99 (9th Cir. 1988). Moreover, "the existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the point of view of a reasonable person." Id. CT Page 3069 at 99.
Based solely on the plaintiff's amended complaint, it cannot be determined whether the defendant's insurance plan falls within one of the exceptions to an ERISA "employee welfare benefit plan," listed in 29 C.F.R. § 2510.31(j). For example, it is unclear whether participation in Harloc Products insurance plan is completely voluntary for employees or members. 29 C.F.R. § 2510.31(j)(2). Additional facts and evidence are needed. Accordingly, the defendant's motion to strike counts one through five on the ground of ERISA preemption is denied.
With respect to count five, defendant argues in the alternative that plaintiff has not alleged the requisite elements for either intention or negligent infliction of emotional distress. In order to establish a cause of action for intentional infliction of emotional distress, a plaintiff must allege that the actor intended to inflict emotional distress, or that he knew or should have known that emotional distress was a likely result of his conduct. Peyton v. Ellis, 200 Conn. 243, 253 (1986). To recover for unintentionally-caused emotional distress, the plaintiff has the burden of pleading and proving that the "defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused might result in illness or bodily harm." Buckman v. People Express, Inc., 205 Conn. 166, 173
(1987).
"Under the rules of practice governing pleading, a party may plead legal effect as long as the pleading `fairly apprises the adverse party of the state of facts which it is intended to prove.'" D'Ulisse-Cupo v. Board of Director of Notre Dame High School, 202 Conn. 206, 218 (1987).
The fifth count of plaintiff's complaint states in relevant part:
"12. Defendant failed and refused without reasonable cause to pay the Plaintiff's claim within sixty (60) days after the accrual thereof although the Plaintiff has demanded that Defendant do so.
13. The Defendant failed to act in good faith with regard to the interest of the Plaintiff in that it refused to pay the Plaintiff's claim, although it knew or should have known at the time that the claim was rejected that the expenses were covered by the Plan and/or that benefits under the Plan covering the expenses should have been made available to the Plaintiff.
17. In addition to the grief suffered by the Plaintiff over the death of his wife, and the concern he had over his own health CT Page 3070 problems, the Defendant's refusal to honor its obligations under the Plan and/or to extend benefits to the Plaintiff caused him extreme anxiety and distress when the Plaintiff's health care provider sued him for the monies due them, attached his home and threatened foreclosure because he did not have the funds available to pay the debts.
18. As a result, the Plaintiff has been caused to suffer mental and emotional distress by the acts of the Defendant set forth above."
Paragraphs twelve, thirteen, seventeen and eighteen of count five do not sufficiently set forth a cause of action for intentional or negligent infliction of emotional distress and therefore the court grants defendant's motion to strike count five.
Finally, defendant argues that punitive damages, interest, costs and attorney's fees are unavailable to the plaintiff. The motion to strike is the appropriate motion in which to test the legal sufficiency of any prayer for relief. Conn. Practice Bk. 152 (rev'd to 1978, as updated to 1 October, 1989). With respect to punitive damages, defendant concedes that plaintiff has set forth a claim of bad faith in count three. (Defendant's motion to strike at III). Defendant argues, however, that plaintiff must still allege some form of oppression, fraud or malice. Id.
"[P]unitive damages may be awarded only for `outrageous conduct, that is for acts done with a bad motive or with a reckless indifference to the interest of others.'" L.F. Pace Sons, Inc. v. Travelers Indemnity Co., 9 Conn. App. 30, 48 (1986); see Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 532-33
(1989). With regard to pleading, "the lack of linguistic specificity does not warrant striking" a pleaded count. D'Ulisse-Cupo,202 Conn. at 220.
Plaintiff has pled bad faith on the part of the defendant. The term "bad faith," as defined by Black's Law Dictionary, generally "implies" actual or constructive fraud. . . . The term "bad faith" is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose. . . ." Black's Law Dictionary 127 (5th ed. 1979). Plaintiff's complaint sufficiently sets forth a claim for punitive damages.
Turning to attorney's fees, costs and interest, the defendant's motion to strike should likewise be denied as to these claims. Attorney's fees may be awarded as punitive damages to compensate a party for litigation expenses. See Waterbury Petroleum Products, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208, CT Page 3071 234-38 (1984): Triangle Sheet Metal Workers, Inc. v. Silver,154 Conn. 116, 127 (1966). "Interest may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes due and payable." Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468, 482 (1988). "The allowance of interest as an element of damages is primarily an equitable determination and a matter within the discretion of the trial court." Id. at 482. Defendant's motion to strike plaintiff's claims for punitive damages, attorney's fees, costs and interest is denied.
Defendant's motion to strike counts one through five is denied on the grounds of preemption. The court cannot determine as a matter of law that counts one through five are preempted by ERISA, because it is unclear from the pleadings whether plaintiff's insurance plan is an "employee welfare benefit plan" as defined by ERISA. Count five is stricken on defendant's alternative ground because the plaintiff has not sufficiently pled a cause of action for emotional distress. Finally, plaintiff's claims for punitive damages, costs, attorney's fees and interest are legally sufficient prayers for relief.
DONALD T. DORSEY, JUDGE