[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Plaintiff Bridgeport Electric Company ("BEC") seeks a declaratory judgment determining the propriety of the action of the Assessor of the City of Bridgeport in adding personal property to the tax lists of BEC for October 1 of 1989, 1990, and 1991. The three defendants — City of Bridgeport, Anthony L. Pellegrino (Tax Assessor), Robert Tetreault (Tax Collector) — have moved to strike all three counts of BEC's amended complaint CT Page 5651 on the grounds the plaintiff has failed to state a claim upon which relief can be granted. For the reasons stated below, the motion to strike is denied.
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . `and cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348
(1990). BEC alleges the facts to be as follows. BEC is a wholly owned subsidiary of The United Illuminating Company ("UI") and is the owner of Bridgeport Harbor Station Generating Unit 3 ("Unit 3"). BEC acquired Unit 3 from UI in December of 1984 in a sale and leaseback transaction, under the terms of which UI agreed to pay all municipal property taxes assessed against Unit 3. Subsequent to the transaction, UI continued to include Unit 3 on its lists of personal property filed each year with the Assessor of the City of Bridgeport. The City continued to include Unit 3 in the name of UI on each grand list and rendered tax bills to UI for the taxes levied with respect to the property. UI paid all the tax bills except for the second half of taxes with respect to the list of October 1, 1991, which is not yet due. Sometime before October 1, 1992, the Assessor of the City of Bridgeport mailed to BEC notices of changes in assessment stating in effect that Unit 3 was being added to the assessed value of BEC's property for the tax lists of October 1, 1989, October 1, 1990, and October 1, 1991. The Assessor also increased the value of the property. The Tax Collector of the City of Bridgeport delivered to BEC tax bills in respect to the assessment notices.
In the first count of the complaint, BEC contends that the City of Bridgeport did not follow the statutory mandates for assessing and levying property taxes on BEC with respect to Unit 3 for the grand list of 1989, 1990 and 1991. BEC's claim is based on the legal theory that a tax assessor is required by General Statutes 52-53 (b) to give a person the opportunity for a hearing before adding property to the person's tax lists for years other than the current tax year. The defendants, on the other hand, argue that an assessor may, but is not required, to conduct a hearing when reaching back beyond the current tax year to add property to prior lists. The parties differ on their interpretation of the word "may" as it is used in the first sentence of section 12-53 (b). The court, having concluded the word "may" must be interpreted as mandatory in order to effectuate the legislative intent, agrees with the plaintiff's CT Page 5652 claim that an assessor must give notice of and an opportunity for a hearing when adding property to a tax list for years other than the current tax year.
Because the legislature is always presumed to have created a harmonious and consistent body of law, statutory sections must be read together when they relate to the same subject matter. Day v. DelPonte, 225 Conn. 499, 510 (1993). An examination of each subsection of General Statutes 12-53 reveals that there is a distinction between proceedings under subsection (a) and subsection (b). Subsection (a) governs actions of assessors in adding taxable property to the list of a taxpayer for the current tax year. Subsection (b) governs actions of assessors in adding property to any prior list. For an assessor to add property to a prior list, the assessor must hold a hearing under subsection (b). This interpretation of section 12-53 is supported by an examination of the statutory amendments which lead to the current version of section 12-53. SeePublic Act 84-477 and Public Act 86-84.
Since BEC in the first count of the complaint has alleged the assessor failed to give notice to either UI or BEC of a hearing on the additions of taxable property to the lists of BEC, BEC has sufficiently alleged that the Assessor exceeded his powers in adding property to the BEC tax lists for 1989, 1990 and 1991. Accordingly, the motion to strike the first count is denied.
The court refrains from addressing the issues raised by the motion to strike the second and third counts. The plaintiff has stated in its brief that it will be able to obtain complete relief should the court deny the motion to strike the first count. Implicit in this statement is the suggestion that the plaintiff will now withdraw the claims set forth in the second and third counts. Accordingly, the motion to strike the second and third counts is denied without prejudice to the defendants' pursuing those claims should BEC not withdraw the second and third counts.
The motion to strike is denied.
THIM, JUDGE CT Page 5653