[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD PARTY COMPLAINT
Third-party defendant Attorney Allan P. Cramer ("defendant") moves to strike each count of a three count third-party complaint filed by the third-party plaintiffs Celestine CT Page 9005 Withey, Gail Hall and Alfred Hall, Jr. ("plaintiffs"). The allegations in the third party complaint are as follows.
Prior to September 9, 1988, the plaintiffs entered into an agreement with Julian Pope[1] and George Slaughter, who were at that time the owners of a parcel of land in Westport, Connecticut known as 4 Mimi Lane ("the property"). The agreement provided in part that Pope and Slaughter would create for themselves a life estate in the property and transfer the remainder interest in the property to the third-party plaintiffs. To carry out this plan, the plaintiffs requested that the defendant prepare and execute a quitclaim deed. The defendant prepared the deed, and on September 9, 1988, Pope and Slaughter signed it. The signatures of Pope and Slaughter were witnessed and acknowledged by the defendant. Defendant advised plaintiffs that the transfer of title meant that the mortgage in the names of Pope and Slaughter would have to be paid off. Plaintiffs asked defendant to assist them in finding a bank to refinance. Plaintiffs allege that they are lay people, unsophisticated in real estate transactions. The arrangement with Pope and Slaughter was made to pay off the debts of Pope and Slaughter and enable them to have a home. The plaintiffs are all related to Pope and Slaughter by blood or through marriage.
The plaintiffs obtained a mortgage from a lender, and at the loan closing the defendant acted as attorney for the plaintiffs, the lender and for the title insurer, Ticor Title Insurance Company ("Ticor"). Plaintiffs allege that the defendant negligently failed to notify the lender of Pope and Slaughter's life interest in the property, and that that failure induced the lender to make the loan. They further allege that as a result of the defendant's failure to notify the lender of the life estate, the lender and its subrogee in interest, Ticor, have "taken the position that the [property] does not adequately secure the loan." (Third Party Complaint, Count No. 1, para. 25.)
The plaintiffs further allege that the lender brought a foreclosure action. Ticor, claiming to have acquired the lender's rights to the note and deed, became the plaintiff in the foreclosure suit. Ticor now seeks a deficiency judgment against the third party plaintiffs.
In their three count complaint, the plaintiffs allege counts of legal malpractice, breach of contract, and breach of fiduciary duty to the plaintiffs. Each count is based on the claims outlined above. In the motion to strike the defendant asserts: CT Page 9006
 1. that the third-party complaint is legally insufficient because it does not allege that the defendant's actions were the proximate cause of the alleged damage to the plaintiffs; and,
 2. that the third party defendant did not owe a duty of care to the third party plaintiffs.
 A motion to strike is used to challenge the legal sufficiency of the factual allegations of a pleading. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). A motion to strike admits all facts well pleaded, and those facts are to be construed most favorably to the pleader. Id. If the factual allegation would support a cause of action, the motion to strike must be denied. Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985).
Bristol Savings Bank v. Szydlowski, 3 Conn. L. Rptr. 113, 114 (January 7, 1991, O'Connor, J.).
 In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint[,] and cannot be aided by the assumption of any facts not therein alleged. Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied.
(Citations omitted; internal quotations marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "A motion to strike which imparts facts from outside the pleadings is an improper speaking motion to strike." (citation omitted.) Zanavich v. Lussier, 2 Conn. L. Rptr. 162 (August 1, 1990, Kulawiz, J.) The plaintiffs argue that they have sufficiently alleged that the third party defendant was the proximate cause of their injuries. They further argue that the third party defendant's motion simply takes issue with the facts as pleaded.
The plaintiffs have alleged that they requested the professional services of the defendant to draft and execute the deed, locate a lender and perform a loan closing. They further allege that their exposure to a deficiency judgment results from the defendant's failure to inform the lender of the life estate held by Pope and Slaughter. As a result of the undisclosed life estate, the mortgagee felt the property was inadequate security and a deficiency CT Page 9007 judgment is needed. Construing the pleading in the light most favorable to the plaintiff, see Bristol Savings Bank v. Szydlowski, supra, 114, the plaintiffs have sufficiently alleged that the defendant owed them a duty of care arising from the existence of the attorney-client relationship. See, e.g., Somma v. Gracey,15 Conn. App. 371, 544 A.2d 668 (1988). Accepting as true the plaintiffs' allegation that the defendant induced the lender to make a loan it would not otherwise have made by negligently and inaccurately representing to the lender the plaintiffs' interest in the property and that such negligence has caused the lender to seek a deficiency judgment, the plaintiffs have sufficiently alleged the defendant was the proximate cause of their injuries.
The defendant argues that the plaintiffs' injuries stem from the fact that the lender is foreclosing because they have defaulted on the loan. The default is, therefore, the proximate cause of the plaintiffs' injuries. That argument asks the court to assume facts not alleged in the third party plaintiffs' pleadings and cannot be considered. See Liliedahl Bros., Inc. v. Grigsby, supra, 348.
The motion to strike is denied.
Spear, Judge.