[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE PLEADING #125 CT Page 8429
The plaintiff moves to strike defendant's Second Amended Counterclaim.
The defendant, Chemical Bank in its amended counterclaim seeks a deficiency judgment relating to a repossession and resale of plaintiffs automobile.
The plaintiff asserts that the defendant's second amended complaint is insufficient because it appears that the defendant failed to comply with the statutory conditions for a deficiency as a matter of law.
On June 24, 1993, Hadden, J. denied the plaintiffs motion for summary judgment on the defendant's counterclaim on the grounds that "[t]here are genuine issues of material fact relating to the sale in questions." The same argument is presented in this motion as decided by Hadden, J.
A motion to strike tests the legal sufficiency of the counterclaim by claiming that the defendant has failed to set forth a cause of action. Practice Book 152(1); Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra. In addition, the court must construe the counterclaim in the light most favorable to the defendant. Id. The defendant has alleged additional facts by appending a copy of the May 16, 1991 letter to its counterclaim. This same letter was appended to the defendant's memorandum of law in opposition to the plaintiff's motion for summary judgment.
The plaintiff relies on facts and law beyond the pleadings in moving to strike the defendant's second amended counterclaim. The court may not grant a "speaking motion to strike" which looks to facts beyond the pleadings. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "Where legal grounds . . . are dependent upon underlying facts not alleged in the . . . pleadings, the [plaintiff] must await the evidence which may be adduced at trial, and the motion [to strike] should be denied." Id., 348. As the defendant has pled a claim for a deficiency based on its allegation that the notice and sale were proper, the motion to strike is denied.
Frank S. Meadow, Judge CT Page 8430