[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs move to strike the fifth count of the complaint on the ground that the Connecticut Workers' Compensation Act provides the exclusive remedy for injuries sustained during the course of their volunteer services for the Wethersfield Ambulance Department.
The plaintiffs, Susan Tibbals and Jason Albert, filed a seven count complaint on November 18, 1992, against defendant ITT Hartford and various other insurance companies, alleging that these insurance companies are liable to them for damages stemming from an automobile accident. In count one, the plaintiffs, who were volunteer workers for the Wethersfield Ambulance Association [WVAA], allege that they were injured when the ambulance in which they were riding was struck by David Sherman's vehicle after Sherman had run a red light. In count two of the complaint, plaintiff Tibbals alleges that defendant USAA Casualty Insurance Company failed to pay plaintiff Tibbals damages for injuries allegedly specified and agreed to in its automobile policy. Plaintiff Tibbals alleges that she is entitled to damages which exceed the limit on Sherman's underinsured vehicle until she is fully compensated. Plaintiff Tibbals further alleges that she has fulfilled all the terms, conditions and requirements of the policy, but defendant USAA has not paid her damages in accordance with the terms and conditions of the policy.
In counts three and four, plaintiff Tibbals asserts claims under the underinsured motorist provisions of automobile insurance policies issued by Great American Insurance Company and Middlesex Insurance Company, respectively.
In count five, the plaintiffs allege that defendant ITT CT Page 4123 Hartford issued to WVAA an automobile insurance policy wherein it agreed to pay damages, not exceeding the limits specified in the policy, that the plaintiffs are legally entitled to recover from the owner or operator of an underinsured motor vehicle. The plaintiffs allege that the underinsurance coverage was triggered when they sustained bodily injuries caused by an accident wherein the owner's or operator's vehicle which caused the accident was underinsured. The plaintiffs allege that they have fulfilled all the terms, conditions and requirements of the policy. The plaintiffs further allege that defendant ITT Hartford has not paid them damages in accordance with the terms and conditions of the policy.
In counts six and seven, plaintiff Albert asserts claims under the underinsured motorist provisions of automobile insurance policies issued by Automobile Insurance Company of Hartford and Allstate Insurance Company, respectively.
On October 15, 1993, the plaintiffs filed an amendment to the fifth count of their complaint, adding, as paragraph sixteen, the allegation that "[a]t the time of the incident Plaintiffs were emergency medical technicians in the course of their volunteer ambulance duties as active members of the Wethersfield Volunteer Ambulance Association, Inc."
On November 3, 1993, defendant ITT Hartford filed a motion to strike count five of the plaintiffs' complaint on the ground that the plaintiffs' claims against ITT Hartford are legally insufficient insofar as the Workers' Compensation Act provides plaintiffs with the exclusive remedy for work-related injury claims against an employer. As required by Practice Book 155, defendant ITT Hartford has filed a memorandum in support of its motion to strike, and the plaintiffs have timely filed a memorandum in opposition.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 196 Conn. 91, 108,491 A.2d 368 (1985). The court must construe the facts most favorably to the plaintiff. Amodio v. Cunningham, 182 Conn. 80, CT Page 4124 82-83, 438 A.2d 6 (1980); Gordon v. Bridgeport Housing Authority, supra, 170. A speaking motion to strike imparts facts outside the pleadings and will not be granted. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 347,576 A.2d 149 (1990).
Defendant ITT Hartford argues in its memorandum in support of its motion to strike that "the Fifth Count of the plaintiffs' complaint must be stricken because the Workers' Compensation Act provides the exclusive remedy for the claims at issue." Defendant ITT Hartford further argues that the plaintiffs, although volunteer workers, are deemed employees under the Workers' Compensation Act. Thus, defendant ITT Hartford argues, the plaintiffs' exclusive remedy for damages can be obtained only from the Workers' Compensation Act.
"[A] claim that an injured plaintiff has made an exclusive election of workers' compensation is properly raised by a special defense." Grant v. Bassman, 221 Conn. 465, 472,604 A.2d 814 (1992). The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Id., 472-73. The claim that a plaintiff has elected an exclusive remedy relies on facts outside those alleged in the complaint. Id.
Against this background, before this court could find that the plaintiffs' claims are governed by the Workers' Compensation Act, the court would need to determine that the plaintiffs were acting as employees in the scope of their employment at the time of the collision, as required under the Workers' Compensation Act. Although the plaintiffs allege in the amendment to the fifth count of the complaint that "[a]t the time of the incident [they] were emergency medical technicians in the course of their volunteer ambulance duties," the court may not seek beyond the complaint for facts necessary to determine whether the plaintiffs' injuries are governed exclusively by the Workers' Compensation Act. The defendant ITT Hartford's motion to strike count five of the plaintiffs' complaint on the ground that the Workers' Compensation Act provides the exclusive relief for the plaintiffs' injuries is a speaking motion to strike.
For the reasons stated the motion to strike is denied.
Mary R. Hennessey, Judge CT Page 4125