[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON MOTION TO STRIKE #104
On December 7, 1992, the plaintiff, Sharri Prion, was allegedly CT Page 1656-D injured while riding as a passenger in a motor vehicle owned by the defendant, Joy Tecci, and operated by the defendant, Michael Tecci. The plaintiff alleges that at the time of the accident, she was insured by the defendant, American Economy Insurance Company (American). In the first count of the complaint, the plaintiff asserts a negligence claim against the Teccis. In the second count, the plaintiff asserts a claim for underinsured motorist benefits against American. American moves to strike the second count on the ground that the plaintiff "has not and cannot allege that she meets the statutory definition of an `uninsured motorist.'"
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would CT Page 1656-E support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09 (1985).
General Statutes § 38a-336(b) provides in pertinent part that:
 An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements . . . .
In paragraph 13 of the second count, the plaintiff alleges that "upon information and belief, the defendant tortfeasors . . . are underinsured for the damages suffered by the plaintiff herein."
In reading the second count in the light most favorable to the plaintiff, the allegations stated therein constitute a legally sufficient claim for underinsured motorist benefits. Whether the CT Page 1656-F plaintiff can actually prove that all available liability insurance coverage has been exhausted is an issue of fact that cannot be addressed on a motion to strike. Where the legal grounds for a motion to strike are dependent upon facts which only could be proved by evidence adduced at trial, the motion should be denied.Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). Accordingly, American's motion to strike is denied.
SAMUEL S. FREEDMAN, JUDGE.