[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANT'S (NEW BRITAIN GENERAL HOSPITAL) MOTIONTO STRIKE (FILE #137)
The named defendant has moved to strike counts five and seven of the plaintiffs' revised complaint dated February 28, 1995 (filed March 3, 1995). The co-defendants (Grove Hill Medical Center and Psychiatric Services, and Gerson Sternstein, M.D.) filed a similar motion to strike which was denied by this court on December 14, 1994.[1]
The issue raised by this, and the prior, motion is the legal (not factual) viability of claims for loss of filial consortium. With regard to that issue, there is a division of authority among Connecticut courts at the Superior Court level. As stated in my prior-ruling, "[t]rial court decisions both favoring and disfavoring the extension of consortium claims to the parent/child relationship are reasoned and analytical." Additionally, this court certainly respects the thorough and cogent legal analyses set forth in the memoranda of law filed by counsel for all parties in this case. Having CT Page 9250 examined the allegations contained in the revised complaint and having carefully reviewed (or re-reviewed) the authorities, and upon reflection, this court adheres to its prior ruling.
Pursuant to Prac. Bk Section 152, a motion to strike tests the legal sufficiency of the allegations of any particular count to state a claim upon which relief may be granted. With respect to a determination on a motion to strike, "the facts giving rise to [the] claim must be taken from the complaint." Kilbride v. Dushkin Publishing Group,Inc., 186 Conn. 718, 719 (1982). On such motion, the court "must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348 (1990). As alleged, the fifth and seventh counts of plaintiffs' revised complaint set forth cognizable claims upon which relief can be granted.
Defendant's (New Britain General Hospital) motion to strike (#137) counts five and seven of the revised complaint is denied.
Mulcahy, J.