[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is an action for an alleged violation of federal and state constitutional rights brought by the plaintiffs, Roger Tremblay and Gregory Harvey, against numerous defendants, CT Page 1789 including the Borough of Jewett City.
In their complaint, the plaintiffs allege the following facts. On May 17, 1992, the plaintiffs were guests at a party at the Jacques Cartier Center in Jewett City. Between the hours of 12:30 am and 1:00 am, an altercation began between two of the guests. The altercation was stopped by the other guests and minutes later defendants who are Jewett City police officers arrived. Upon arriving, the officers attacked numerous guests at the party, including the plaintiffs, by spraying mace or a mace-like substance at them, striking them with police batons, kicking them and stepping on their heads and backs. Soon thereafter, members of Troop E of the Connecticut State Police arrived and refused to protect the plaintiffs from the ongoing use of excessive force.
Plaintiff Tremblay specifically alleges that he was maced, thrown to the ground, bound by the wrists, maced again and struck in the face. Plaintiff Harvey alleges similar mistreatment by the officers at the scene and further alleges that he was pulled feet-first from the back of a police car and, as a result, banged his head against the pavement.
Count eleven of the complaint, brought against the Town of Griswold, Borough of Jewett City and Town of Plainfield, alleges a violation of the plaintiffs' federal constitutional rights pursuant to 42 U.S.C. § 1983 and 1988. Count twelve, brought against the same defendants, alleges a violation of the plaintiffs' constitutional rights as guaranteed by ArticleFirst, §§ 1, 7, 8, 9, 11, and 20 of the Connecticut constitution. Count fifteen, also brought against the same defendants, alleges a claim for relief under the doctrine of respondeat superior.
Defendant Borough of Jewett City has moved to strike counts eleven, twelve and fifteen of the plaintiffs' complaint. At oral argument held before the court on November 20, 1995, the court (Hendel, J.) struck counts eleven and fifteen from the complaint. Thus, the only remaining issue before the court is the viability of count twelve.
The defendant moves to strike count twelve of the complaint on the basis that the Connecticut constitution does not give rise to a direct cause of action for monetary relief against municipalities, their agents and/or officers. CT Page 1790 Therefore, the defendant claims that count twelve is legally insufficient as a matter of law. In opposition, the plaintiffs claim that count twelve properly states a claim for monetary damages under the state constitution. While admitting that under the federal constitution a claim for monetary damages for an alleged violation of constitutionally guaranteed rights can only be made pursuant to a federal statute such as 42 U.S.C. § 1983 or through a "Bivens-type"[1]
analysis, the plaintiffs assert that the Connecticut constitution should be read to provide more expansive rights and remedies than guaranteed by the United States constitution.
Under section 152 of the Practice Book, a motion to strike is proper and permissible "[w]henever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . ." When ruling on a motion to strike, "a trial court must take the facts to be those alleged in the complaint." Liljedahl Bros., Inc. v.Grigsby, 215 Conn. 345, 348 (1990). "The court must construe the facts in the complaint most favorably to the plaintiff."Novametrix Medical Systems, Inc., v. BOC Group, Inc. 224 Conn. 210,215 (1992). This includes the facts necessarily implied and fairly provable under the allegations. Westport Bank Trust Co., v. Corcoran, Mallin Aresco, 221 Conn. 490, 495
(1992).
The court must decide whether money damages are available for a deprivation of fundamental rights secured by our state constitution in the absence of a state statute or as a result of some common law right granting such a remedy.
In a federal case factually similar to the present case, the plaintiffs brought suit against the City of Hartford, its police chief and four unnamed police officers of the city's police department seeking damages pursuant to 42 U.S.C. § 1983, as well as claims for damages as a result of the defendants' violation of the plaintiffs' civil rights under Article First, §§ 1, 7, 8, 11, and 12 of the state constitution. The plaintiffs alleged that the police officers used unreasonable force in arresting them.
The defendants moved to dismiss some of the counts against them, including a claim that they violated the plaintiffs' state constitutional rights. In granting the CT Page 1791 motion to dismiss the state constitutional claims, the court, (Covello, J.) stated that:
 Unlike the federal Constitution, the Connecticut constitution does not provide for a money damages claim through a statute or through a Bivens-type action. The Connecticut supreme court has yet to recognize "a common law precedent for the existence of a constitutional claim for damages for any and all alleged misconduct by state and local officers." Kelley Property Development, Inc. v. Lebanon, 226 Conn. 714, 733 (1993).
Gonzalez v. City of Hartford, No. 393CV01544, slip op. at 4-5 (D. Conn. March 23, 1994).
In so holding, Judge Covello, a former justice of the Connecticut Supreme Court, specifically relied on the KelleyProperty case. The plaintiffs in the present case wish this court to view the Kelly Property case holding as limited to the facts of that case. Based on Gonzalez, this court believes that Kelley Property firmly establishes that the Connecticut constitution does not provide for monetary damages for a violation of a state constitutional right in the absence of an explicit statute. Nor has the Connecticut Supreme Court seemed eager to apply the federal Bivens analysis to our state constitution.
Therefore, the court finds as a matter of law that count twelve of the plaintiffs' complaint fails to state a cause of action for which relief can be granted.
For the reasons stated above, the defendant's motion to strike count twelve of the complaint is granted.
Hendel, J.