[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Business Aircraft Center, Inc. (BAC) instituted this action against Prontoaire, Inc., Lora Donnelly and John Donnelly, officers and shareholders of Prontoaire, seeking damages arising out of the termination of a lease between Prontoaire and BAC. The complaint recites that BAC and Prontoaire entered into an agreement in April, 1990, whereby BAC subleased space at the Danbury Municipal Airport to Prontoaire. A disagreement arose between the parties regarding the agreement, and in September, 1995, Prontoaire vacated the premises pursuant to a stipulated judgment in a summary process action brought in this court. BAC claims that it is owed over $49,000 in back rent for the period from March, 1993 to September, 1994, pursuant to the sublease agreement. BAC also asserts other claims against Prontoaire for, among other things, the poor condition in which Prontoaire allegedly left the premises when it vacated. The first six counts are asserted against the corporate defendant, Prontoaire, and the seventh through twelfth counts are asserted against the individual defendants Lora Donnelly and John Donnelly. John Donnelly was defaulted for failure to appear on January 29, 1996, accordingly, references in this memorandum to Donnelly refer only to Lora Donnelly. BAC has moved to strike several portions of the CT Page 6653 responsive pleadings of Donnelly and Prontoaire.
BAC has moved to strike Prontoaire's first defense to the first count and its first two counterclaims. As its first special defense to the first count, Prontoaire has asserted that BAC "unilaterally terminated the said lease agreement." BAC argues that this defense is legally insufficient because "the question of termination of [the] lease is pertinent to, and merged in the already adjudicated Summary Process action between the same parties, as alleged in the complaint, and is therefore, barred by collateral estoppel and/or res judicata."
This assertion constituted a speaking motion to strike since Prontoaire is asking the court to consider facts outside the record when it refers to the proceedings in the summary process action. Without examining the pleadings, transcripts and other documents from that action, the court is unable to determine whether the issues determined there are the same as those raised in the present case or whether any of those issues was actually decided by the court. This portion of BAC's motion to strike is speaking, and is, accordingly, fatally defective. LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 347.
BAC has also moved to strike Prontoaire's first two counterclaims. In its first counterclaim, Prontoaire alleges that BAC filed "notices of aircraft lien" with the secretary of state and the Federal Aviation Administration FAA) claiming that it had valid liens on aircraft owned by Prontoaire. Prontoaire further alleges that during the summary process action referred to in the complaint, Prontoaire agreed to vacate the premises in exchange for BAC's agreement to release the liens. Prontoaire alleges that BAC refused to discharge the liens in derogation of their agreement. In its second counterclaim, Prontoaire alleges that BAC wrongfully refused to honor a renewal option that was part of the terms of the sublease agreement.
BAC argues that Prontoaire's first counterclaim is legally insufficient because "it attempts to join two or more causes of action which cannot properly be united in one complaint, in that the allegations of the first count of the setoff/counterclaim do not arise out of the same transactions alleged in the Plaintiff's complaint." This argument is inapposite for two reasons. First, a motion to strike based on improper joinder of two or more claims is used in a situation where one party asserts two causes of action in one count of a complaint or counterclaim — not where the CT Page 6654 defendant asserts a counterclaim that arises out of a different transaction than the subject matter of the plaintiff's complaint.[1] Second, the allegations of the counterclaim do
arise out of the same transaction as the plaintiff's complaint, i.e., the sublease agreement between BAC and Prontoaire. Accordingly, the motion to strike the first counterclaim is denied.
BAC argues that Prontoaire's second counterclaim is legally insufficient for the same reason set forth in its challenge to Prontoaire's first special defense to the first count, that is, that the question of Prontoaire's alleged option to renew or extend the sublease "is pertinent to, and [is] merged in the already adjudicated Summary Process action between the same parties, as alleged in the complaint, and is therefore, barred by collateral estoppel and/or res judicata." For the reasons set forth above, this portion of the motion to strike is speaking and is, accordingly, denied.
Donnelly has filed an answer and two special defenses to each of the twelve counts of the complaint even though only the eighth through the twelfth counts are asserted against her. She has not filed any counterclaims. BAC has moved to strike Donnelly's first special defense to the first count in which Donnelly asserts that BAC "unilaterally terminated the said lease agreement." Without addressing the merits of BAC's argument on this issue, Donnelly has no standing to raise a special defense to a count which is not directed towards her. In addition, BAC has moved to strike Donnelly's first two counterclaims; however, she has not filed any counterclaims. Accordingly, the court will not address this aspect of BAC's motion to strike.
BAC has also moved to strike the second special defense to each of the seventh through twelfth counts on the ground that "the allegations of the said defenses do not arise out of the transactions alleged in the Plaintiff's complaint." Each of these six special defenses makes the same essential factual allegations as are contained in Prontoaire's counterclaims; namely, that BAC improperly filed liens with the FAA and secretary of state against Prontoaire. For the reasons set forth above, the court can only deny the motion to strike these special defenses since they do arise out of the same transaction alleged in BAC's complaint.
To recapitulate, BAC's motion to strike Prontoaire's special defenses and counterclaims is denied in its entirety. Donnelly's CT Page 6655 first special defense is not entertained as to the first count; and BAC's motion to strike Donnelly's counterclaims is without merit since none have been raised. The remainder of BAC's motion to strike Donnelly's special defenses is also denied.
An order may enter in accordance with the foregoing.
Moraghan, J.