## Liljedahl Brothers, Inc. *v.*
## James A. Grigsby et al.
## (13801)

Peters, C. J., Shea, Callahan, Glass and Hull, Js.

Argued February 6—decision released June 12, 1990

*David R. Clemens,* for the appellant (plaintiff).

*Lisa A. Magliochetti,* for the appellees (defendants).

Peters, C. J. The principal issue in this case is whether a contractor who has failed to comply with the requirements of the Home Improvement Act; General Statutes § 20-418 et seq.; can nonetheless recover in

quasi contract by demonstrating unjust enrichment[1] on the part of the homeowner for whom the contractor has performed work. The plaintiff brought an action in two counts against the defendants James A. Grigsby and Karen P. Grigsby, alleging its right to recover for the unpaid balance due for construction services, materials and labor provided, in accordance with an oral agreement, for home improvements at the defendants' residence. The trial court granted the defendants' motion to strike the complaint, premised on the absence of a written home improvement contract as required by General Statutes § 20-429,[2] and thereafter rendered judgment for the defendants. Pursuant to Practice Book § 4023, we transferred the plaintiff's appeal from this adverse judgment to this court, and now affirm.

---

[1] The plaintiff in this case has variously denominated its cause of action against the defendants as arising in quasi contract, quantum meruit and unjust enrichment. Since these three theories, each based upon common law principles of restitution, are all noncontractual actions by which a party may recover despite the absence of a valid contract; see *Burns* v. *Koellmer*, 11 Conn. App. 375, 384, 527 A.2d 1210 (1987); G. Palmer, "History of Restitution in Anglo-American Law," c. 3, vol. X, Restitution—Unjust Enrichment and Negotiorum Gestio, International Encyclopedia of Comparative Law (P. Schlechtriem Chief Ed.) pp. 32–33 (1989); we will refer to the theories collectively as quasi contract claims.

[2] General Statutes (Rev. to 1987) § 20-429 provides in pertinent part: "CONTRACT TO BE IN WRITING. NEGATIVE OPTION PROVISIONS PROHIBITED. OWNER TO RECEIVE COPY. REQUIRED PROVISIONS. (a) No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor. . . .

"(c) The contractor shall provide and deliver to the owner, without charge, a completed copy of the home improvement contract at the time such contract is executed."

Prior to 1986, the provision now codified as subsection (c) was subsection (b). See Public Acts 1986, No. 86-94. The substance of the provision was not changed in the recodification. Amendments to § 20-429, in 1988, which added several other required provisions for a valid contract; Public Acts 1988, No. 88-269, § 9, No. 88-364, §§ 108, 123; are not relevant to our analysis since the transactions in this case took place prior to the effective date of the amendments.

The record reveals little about the factual background of this case. The plaintiff's amended complaint alleges an oral agreement to provide home improvement services at the defendants' residence in Hartford at a contract price of $27,391, not inclusive of extra work requested by the defendants and performed by the plaintiff. The complaint acknowledges that the defendants have paid $17,989.63 and seeks to recover the remaining $9401.37 for breach of an implied contract or under a theory of quasi contract. The plaintiff has not alleged that its agreement with the defendants complies with the written contract requirement of General Statutes § 20-429.

The trial court granted the motion to strike in reliance on the decision of the Appellate Court in *Sidney* v. *DeVries,* 18 Conn. App. 581, 588–89, 559 A.2d 1145 (1989). In so doing, it rejected the plaintiff's argument that § 20-429 does not bar common law noncontractual theories of recovery.

The plaintiff's appeal to this court raises one procedural and two substantive issues. Procedurally, the plaintiff maintains that the court should not have granted the defendants' motion to strike because it was a fatally defective speaking motion. Substantively, the plaintiff maintains that either an implied or a quasi contract theory allows it to recover. None of these arguments is persuasive.

I

The plaintiff's procedural claim is that the trial court should not have considered the defendants' motion to strike on its merits because the motion alleged facts not set forth in the plaintiff's pleading, and was therefore an improper "speaking motion to strike." We disagree.

The defendants moved to strike the plaintiff's amended complaint on the ground that the plaintiff's implied contract and unjust enrichment claims were precluded by both the Home Solicitation Sales Act; General Statutes § 42-134 et seq.; and the Home Improvement Act. In response to the plaintiff's objection to the motion to strike, the trial court found that the motion did contain facts not contained in the pleadings concerning the location at which the home improvement contract had been executed. The court went on to note, however, that the issue of location was relevant only to the applicability of the Home Solicitation Sales Act to the case, and did not affect the applicability of the Home Improvement Act. The court thus concluded that the motion was not procedurally defective with regard to the claim that recovery was precluded by the Home Improvement Act since the motion did not "speak" to that claim. The court then granted the motion to strike after determining that the plaintiff's failure to comply with the written contract requirement of the Home Improvement Act barred its implied contract and quasi contract claims.

In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint; *Blancato* v. *Feldspar Corporation,* 203 Conn. 34, 36, 522 A.2d 1235 (1987); *DeMello* v. *Plainville,* 170 Conn. 675, 677, 368 A.2d 71 (1976); and "cannot be aided by the assumption of any facts not therein alleged." *Fraser* v. *Henninger,* 173 Conn. 52, 60, 376 A.2d 406 (1977); *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 194, 128 A.2d 540 (1956). Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied. *Fraser* v. *Henninger,* supra, 61. Nothing in our cases suggests, however, that every argu-

ment in a motion to strike is rendered defective by the moving party's allegation of some fact not contained in the pleadings, regardless of whether that fact is relevant for each argument in the motion. We can see no reason to introduce such a rule, since a party whose motion to strike has been denied on the ground that it speaks on a fact that is not relevant to all of the legal claims could simply file a new motion limited to the arguments that do not depend upon that allegation. Accordingly, we conclude that the trial court was not procedurally barred from considering, on the merits, the defendants' motion to strike on the ground that the Home Improvement Act bars recovery under theories of implied contract and quasi contract.

## II

Turning to the merits of the plaintiff's claim, we note that the plaintiff urges us to decide that theories either of implied contract and or of quasi contract furnish a basis for its recovery in this case. In our view, however, the language and policy of § 20-429 preclude its recourse to these common law causes of action.

To the extent that the plaintiff invokes a right to recovery premised on a contract implied in fact, its claim cannot be reconciled in any fashion with § 20-429. "Whether [a] contract is styled 'express' or 'implied' involves 'no difference in legal effect, but lies merely in the mode of manifesting assent.' 1 Restatement (Second), Contracts § 4, comment a; see also E. Farnsworth, Contracts (1982) pp. 124, 142 n.2." *Boland* v. *Catalano,* 202 Conn. 333, 337, 521 A.2d 142 (1987); *Brighenti* v. *New Britain Shirt Corporation,* 167 Conn. 403, 406–407, 356 A.2d 181 (1974). The plaintiff's implied contract claim therefore stands on no different footing than an alleged cause of action for breach of an oral or written contract. Such a claim is refuted by the plain language of § 20-429 (a), which provides

that "[n]o home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor."

The plaintiff's claim to a right to recovery grounded in a contract implied in law or in quasi contract cannot survive our decision in *Barrett Builders* v. *Miller,* 215 Conn. 316, 576 A.2d 455 (1990). After a full examination and discussion of the merits of such a claim by a contractor similarly situated to the plaintiff, we concluded that, absent proof of bad faith on the part of the homeowner, § 20-429 permits no recovery in quasi contract by a contractor who has failed to comply with the statute's written contract requirement. Id., 323. That precedent is dispositive.

The judgment is affirmed.

In this opinion GLASS and HULL, Js., concurred.

SHEA, J., with whom CALLAHAN, J., joins, dissenting. For the reasons expressed in my dissenting opinion in *Barrett Builders* v. *Miller,* 215 Conn. 316, 576 A.2d 455 (1990), I also dissent in this case, which further illustrates the inequity of imposing the penalty of forfeiture upon a tradesman who performs a home improvement without a contract conforming to General Statutes § 20-429.