[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Plaintiff and the defendant entered into an oral agreement whereby the plaintiff agreed to provide services and CT Page 2288 materials to renovate the defendant's premises. The plaintiff claims he did the work and submitted a bill for materials and services of which the amount of $4,046.60 remains unpaid. The defendant claims that the action is barred by the Connecticut Home Improvement Act, Connecticut General Statutes section20-418 et seq., which requires such contracts to be in writing.
The defendant also claims that there are no genuine issues of fact in Counts V and VI of his counterclaim.
The defendant's motion for summary judgment on the complaint is granted.
Case law clearly requires a written contract in accordance with the statute to recover for home improvement or renovation work. Liljidahi Bros. Inc. v. James A. Grisby, et al, 15 C.L.T. 38 (1989), affirmed 215 Conn. 345 (1990). Nor may any recovery be had on any other theory of law such as quasi contract by claiming unjust enrichment.
The plaintiff's claim that the defendant is an attorney and therefore was acting in bad faith is totally without substantiation by affidavit or otherwise as required by Practice Book section 378.
Regarding the defendant's motion for summary judgment on Counts V and VI of his counterclaim, the Court finds that there are genuine issues of material facts.
The motion for summary judgment on the defendant's counterclaim is therefore denied.
Hurley, J.