[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION TO STRIKE (#161)
1. The Third Revised Complaint. Paragraphs 18 and 19 of the complaint allege the existence of a limited as opposed to a general release. The extent to which the plaintiff understood at the time that the release was intended to be general in nature is a factual question which cannot be decided on a motion to strike. LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990). Under New York substantive law, which the parties agree controls, the intent of the parties governs the scope of the release. Feldbau v. Klarnet,439 N.Y.S.2d 596, 599 (1981). The motion to strike the entire CT Page 6726 complaint is denied.
2. Second Count. This count presents a claim in quantum meruit. The defendant argues that in New York, a claim for quantum meruit may not be asserted when the complaint also alleges the existence of an express contract. Since the plaintiff has asserted a breach of the sales commission agreement in count one the defendant argues that count two, which contains a quantum recruit claim, should be stricken. However, "[a] court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies rules of another state to resolve other issues in the case." Restatement (Second) Conflict of Laws § 122 (1971). The law of the forum governs the rules of pleading and the conduct of proceedings. Restatement (Second) Conflict of Laws, supra, § 127. In Connecticut, parties may advance alternative and even inconsistent pleadings absent a showing of prejudice to the defendant. See Practice Book §§ 94, 137; see, Hanover Ins. Co. v.Fireman's Fund Ins. Co., 217 Conn. 340, 346 (1991). The plaintiff has properly asserted alternative claims for breach of the commission agreement and quantum recruit. The motion to strike the second count is denied.
The defendant also claims that plaintiff's claim is legally "inadequate". However, the defendant has failed to even mention this issue in its memorandum of law and so the defendant is deemed to have abandoned the issue.
3. Third Count. The defendant argues that the count alleging fraud is legally insufficient because the plaintiff has failed to allege a misrepresentation of fact. Under New York law, "[t]he elements of a fraud claim require a material misrepresentation of an existing fact, made with knowledge of its falsity, with the intent to deceive, justifiable reliance and ensuing damages."Marsel Mirror Glass Products, Inc. v. American InternationalUnderwriters Insurance Co., 599 N.Y.S.2d 248, 251 (A.D. 1 Dept. 1993). However, "[a]n affirmative misrepresentation is not always necessary. It may be sufficient to state a cause of action that there was a failure to disclose a material fact, and that this was calculated to induce a false belief . . . but in such a situation there must be a confidential or fiduciary relationship such as to create a duty to disclose." Westchester County v. Welton BecketAssociates, 478 N.Y.S.2d 305, 316 (N.Y.A.D. 2 Dept. 1984), aff'd,495 N.Y.S.2d 364 (N.Y. 1985); Edison Stone Corp. v. 42nd StreetDev., 538 N.Y.S.2d 249, 253 (N.Y.A.D. 1989). "Not only does the duty of disclosure arise where there is a fiduciary relationship in CT Page 6727 the strict sense of the term, but also where one person is in a position to have and to exercise, and does actually exercise, influence over another who imposes confidence in him. It is not always easy to define when this relation of trust and confidence exists, however, and no general rule can be formulated by which its existence can be known." 60 N.Y.Jur.2d, Fraud and Deceit § 96 (1987).
Paragraph 30 of this count alleges a failure to disclose. Whether the parties had a relationship of trust and confidence arising out of their business relationship and whether the defendant had a duty to disclose certain information to the plaintiff cannot be determined at this juncture.
4. Fourth Count. The identical issue was denied by this court (Nigro, J.) when it denied the defendant's motion addressed to the first amended complaint. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case; if it is of the opinion that the issue was correctly decided . . . ." Breen v.Phelps, 186 Conn. 86, 99 (1982). This court finds no reason to upset Judge Nigro's ruling. Thus, the motion as to this count is denied.
5. Fifth Count. While the plaintiff alleges that he has performed a certain executive-type function as "Manager for Joneswear" and "President of J N Y", he also alleges that he received monthly commission checks. Applying the maxim that on a motion to strike the facts must be construed in a manner most favorable to the pleader, Amodio v. Cunningham, 182 Conn. 80, 82
(1980), the facts alleged are sufficient to enable the plaintiff to prove that he comes within the preview of Section 190 of Article Six of the New York Labor Law. The motion as to this count is denied.
MOTTOLESE, J. CT Page 6728