[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE NO. 188
On December 28, 1990, the plaintiff, Sharon L. Hoffman, filed a CT Page 7558 single count complaint against the defendant, Allstate Insurance Co. (Allstate). In this action, Hoffman sought to have her automobile insurance policy with Allstate reformed on the basis of a mutual mistake. On June 3, 1993, Hoffman filed a two count amended complaint against Allstate. Count one repeats the allegation of count one from the earlier complaint, which sought reformation of the contract. Count two alleges that Allstate, through its agent Laurence Case, committed a fraud against Hoffman.
On November 24, 1993, Hoffman filed a three count (second) amended complaint. The first count alleges breach of contract and seeks underinsured motorist benefits under the contract that Allstate issued to her. The second count alleges a mutual mistake and seeks the reformation of Hoffman's insurance contract so that she can recover the "proper" amount of benefits. The third count alleges that Case made misrepresentations to Hoffman to induce her to agree the insurance contract. This count also seeks the reformation of Hoffman's insurance contract.
On February 23, 1994, Allstate filed a "third special defense to the third count." This special defense states that the "plaintiff's cause of action as stated in the third count is barred by the applicable statute of limitations." (#147). On September 17, 1994, the court, Thim, J., overruled Hoffman's objection to the filing of this special defense. On September 30, 1994, Hoffman filed a reply to the third special defense to the third count. (#167).
On May 1, 1995, Hoffman filed a motion to strike the third special defense to the third count. (#187).[1] Hoffman also filed memorandum in support of her motion to strike. On May 22, 1995, Allstate filed a memorandum in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the [non-moving party]." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91,108-09, 491 A.2d 368 (1985). "Where the legal grounds for such a CT Page 7559 motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion [to strike] should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
In Hoffman's motion to strike, she argues that the third special defense should be stricken because the third count relates back to her original complaint and is not barred by the statute of limitations. In Hoffman's memorandum in support, she argues that her case is comparable to Gurliacci v. Mayer, 218 Conn. 531, 549,590 A.2d 914 (1991) in which the Supreme Court held that an action related back to the original complaint because the defendant had adequate notice of the claim. Hoffman contends that the two legal theories, mistake and intentional fraud, both derive from the problems with her purchase of insurance on December 29, 1988. In Hoffman's memorandum in support, she also argues that the court, Leheny, J., already rejected the statute of limitations argument when the court granted Hoffman permission to amend her complaint to add the fraud count.
In its memorandum in opposition, Allstate presents three grounds for denying the motion to strike. First, Allstate argues that in ruling on a motion to strike, the court should examine only the pleadings. Allstate argues that the "relation back" theory should not be used because the court would have to examine facts outside the motion to strike. Allstate argues that the pleadings show that the fraud occurred on December 29, 1988, and the count was filed in 1993. Second, Allstate argues that the decision by the court, Leheny, J., does not deprive Allstate of the right to file a special defense. Third, Allstate argues that even if the court were to adopt the "relation back" doctrine, the court should not strike the special defense because the fraud count differs from the counts that had been alleged in the original complaint. Therefore, Allstate argues that the fraud count would be barred by the operation of the statute of limitations Allstate argues that this case is distinguishable fromGurliacci v. Mayer, supra, and comparable to Sharp v. Mitchell,209 Conn. 59, 546 A.2d 846 (1988).
"Plaintiff's motion to strike [a special defense] is based upon law and facts which require a legal determination as to whether the amendment relates back to the date of the original service upon McDonald's Corporation. Such a determination is not appropriate on a motion to strike, which is limited strictly to whether a . . . [special defense] states a legally cognizable cause of action . . . . CT Page 7560 Questions of law are not determined on a motion to strike, but are more appropriately considered on a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) Posta v.McDonald's Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 275577 (May 27, 1993, Ballen, J.).
Consequently, the court finds that Allstate's first argument is persuasive. The court, at this stage, will not determine whether the fraud count in the November 24, 1993 amended complaint relates back to the December 28, 1990 complaint on a motion to strike because the first complaint is not before the court. See Liljedahl Bros., Inc.v. Grigsby, supra, 215 Conn. 348. It would be more appropriate that this question of law be considered on a motion for summary judgment. See Niper v. Johnston, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 256309 (February 28, 1992, Lewis, J.). Since this is dispositive of the Motion to Strike, the court will not consider the remaining arguments raised.
The Motion to Strike (#188) is denied, accordingly.
THE COURT, MAIOCCO, JUDGE