[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has filed a Motion to Strike seeking to strike the remaining three counts of the complaint; to wit, lapse of time, nuisance and violation of lease agreement. The parties have indicated that this is the fourth law suit that has been filed seeking possession of the commercial premises in question located at 4920 Main Street, Bridgeport, Connecticut. In addition this is the third decision written by this court concerning various matters in question; Invest II v. TheSouthern Connecticut Mental Health and Substance Abuse TreatmentCenter, SNBR-405, January 13, 1995 (Tierney, J.); Invest II v.The Southern Connecticut Mental Health and Substance AbuseTreatment Center, SNBR-411, February 10, 1995 (Tierney, J.);Invest II v. The Southern Connecticut Mental Health andSubstance Abuse Treatment Center, SNBR-440, September 27, 1995 (Tierney, J.).
FACTS
A written lease was executed by the parties concerning the defendant's commercial offices located at 4920 Main Street, Bridgeport, Connecticut the lease commenced on April 15, 1992 and expired on May 31, 1995. A copy of the lease has been filed as an exhibit to the complaint. Article 27 of the lease furnishes the "Lessee an option to renew this Lease for two (2) three (3) year terms." A new annual fixed rent was established in the option clause. The lessee was required to notify the landlord of its intention to renew under this option at least six months prior to the expiration of the initial term.
Paragraph 1 of the First count of the complaint alleges as follows. "On or about April 2, 1992, the plaintiff, as lessor (landlord), and the defendant as lessee, (tenant), entered into a written lease for use and occupancy of the following premises: 4920 Main Street, Suite 310, Bridgeport, Connecticut 06606."
Paragraph 2 of the First count of the complaint alleges as follows. "The defendant agreed to pay the monthly rental of CT Page 14650 $3,500.00, plus additional sums as rent for the operation of the building and tax increases." The complaint further alleges that despite the various prior notices to quit and the notice to quit issued in this instance lawsuit, the defendant still continues to occupy Suite 310 at 4920 Main Street, Bridgeport, Connecticut.
The First count of the complaint alleges that the lease has terminated due to lapse of time. The Second count of the complaint alleges that the lease has terminated due to nuisance as defined in Connecticut General Statutes § 47a-32. The Third count alleges that the lease has terminated due to violations of the rental agreement. The Fourth count, which had alleged that the lease has terminated due to non payment of rent when due for a commercial property, was withdrawn by the plaintiff.
The defendant was served with a notice to quit on October 2, 1995 requiring a quit date of October 11, 1995. The three reasons alleged in the first three counts were all contained in the notice to quit and were supported by the specific statutory reference contained in Connecticut General Statutes § 47a-23(a).
DISCUSSION OF LAW
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152 ; Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988); Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v.Board of Education, 195 Conn. 90, 93 (1985). For the purposes of determining the motion, it admits the truth of the facts well pleaded but will not admit the truth or accuracy of the conclusions or opinions of the pleader. Verdon v. TransamericaInsurance Company, 187 Conn. 363, 365 (1982). The court cannot assume a fact which has not been alleged. Mingachos, supra 108. The court must construe the facts in the complaint most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80,82 (1980).
Although the exact language contained in the notice to quit statutes does not have to be used, the language "substantially in the following form" or "using the statutory language or words of similar import" is the operative method of preparing the notice to quit. Connecticut General Statutes § 47a-23(b),Invest II v. The Southern Connecticut Mental Health andCT Page 14651Substance Abuse Treatment Center, SNBR-440, (September 27, 1995). The language of the statute concerning a notice to quit must be followed. Failure to follow the statutory provisions deprives the court of subject matter jurisdiction or fails to state a valid cause of action under Connecticut statutory law.Lampasona v. Jacobs, 209 Conn. 724, 730 (1989). The general rule concerning the language contained in the notice to quit and by inference the allegations contained in a complaint supported by a notice to quit are as follows; "When good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent."Jefferson Garden Associates v. Greene, 202 Conn. 128, 145
(1987).
CONCLUSIONS
The First count of the complaint alleges lapse of time. For lapse of time to be a valid reason for the issuance of a notice to quit there must an underlying lease whether oral or written. Lapse of time is not a sufficient reason to terminate a tenancy at sufferance. A tenancy at sufferance does not involve a contract or a lease. Bermudez v. Rodriguez, H-798, December 17, 1986 (Goldstein, J.), Duprey v. Bourque, H-514, February 8, 1984 (Aronson, J.), Yale University v. Valinho, H-1033, October 12, 1994 (DiPentima, J.), Invest II. v. TheSouthern Connecticut Mental Health Substance Abuse TreatmentCenter, SNBR-440, September 27, 1995 (Tierney, J.). Commissionerof Transportation v. The Dock, Inc., SNBR-446, November 20, 1995, (Tierney, J.).
The plaintiff attempted to distinguish Yale University andBermudez with the facts of this case. This case involved a thirty page written commercial lease which lapsed by its terms on May 31, 1995. In Bermudez there was a question as to whether or not there was a lease. In Yale University the court found that the lease which the defendant alleged had terminated was not in effect at the time the notice to quit was served and in fact another rental arrangement existed between the parties. This court does not agree with the plaintiff's argument thatBermudez and Yale University do not support the proposition that there is no lapse of time in a tenancy at sufferance. The court is of the opinion that the law in the State of Connecticut is CT Page 14652 that there can be no lapse of time eviction unless there is a contract or lease.
In a motion to strike the complaint must be construed most favorably to the plaintiff. The plaintiff is entitled to plead its case in the manner most suitable to the plaintiff's purposes. The first paragraph of the First count alleges a written lease, the lease being an exhibit in the file. Article 27 of the lease is an option to renew after May 31, 1995. The complaint can be construed favorably to the plaintiff to indicate that the parties entered into a new lease arrangement; i.e. an exercise or partial exercise of the option to renew. Under this factual situation the lease could have expired some short period of time prior to the service of the notice to quit thus lapse of time would be an appropriate method of terminating the defendant's occupancy. The court, must construe the pleadings including the annexed lease most favorable to the plaintiff. Amodio v. Cunningham, supra 82-83. Adopting the defendant's position at this stage of the litigation would be to engage in taking facts outside the record. A speaking motion to strike is not permitted. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348 (1990), Keeney v. Fairfield Resources, Inc.,1995 Ct. Sup. 3974, April 5, 1995, (Corradino, J).
Paragraph 2 of the First count contains a possibility that the parties entered into an oral month to month rental arrangement in the amount of $3,500.00 plus additional sums as rent for operation of the building and tax increases after the initial expiration of the lease on May 31, 1995. Although this interpretation may be at some variance with the first paragraph of the First count the plaintiff is entitled to plead its case as they wish. The plaintiff has alleged sufficient information in its complaint to withstand a motion to strike. This court does not agree with the plaintiff's contention that lapse of time is a valid reason to evict a tenant at sufferance.
The Motion to Strike the First count is denied.
The Second count alleges that the lease terminated due to nuisance as defined in Connecticut General Statutes § 47a-32. The defendant claims that the motion to strike must be granted because the defendant has failed to specify the exact events and actions that have occurred which amount to a nuisance. The plaintiff claims that stating such detailed facts would be pleading evidence which is not permitted under ConnecticutCT Page 14653Practice Book § 108.
The general rule applying to summary process cases is that the notices furnished to the tenants must contain specific factual and statutory information in compliance with the following standards. "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory, or arbitrary eviction." JeffersonGarden Associates v. Greene, supra 143. Housing Session cases have required, notwithstanding Practice Book § 108, that allegations of nuisance and/or lease violations must contain specific facts and lease clause reference. Specificity requirements in both notices to quit and complaints based upon nuisance and lease violations are set forth in a number of Housing Session cases. Housing Authority the Town ofGlastonbury v. Rankl, H-346, August 6, 1982 (Maloney, J.);Nikolaidis v. East Main Street Pizza House, Inc., H-788, November 24, 1986 (Goldstein, J.); Housing Authority of the Cityof Ansonia v. McDonald, TC-219, January 5, 1989 (Sequino, J.);Housing Authority of the City of Meriden v. Roman, CV-0942, February 10, 1987 (Nash, J.); Housing Authority of the City ofBridgeport v. Rogers, SNBR-371, March 2, 1992 (Leheny, J.); TheBank of Hartford, Inc. v. Bultron, H-997, December 3, 1992 (Holzberg, J.); Stamford Apartments, Inc. v. Uva, SNBR-439, September 27, 1995, (Tierney, J.).
"Such a notice, which lends itself to multiple interpretations, is defective for lack of specificity. A tenant is not required to guess the actual reason for the summary process action." The Bank of Hartford, Inc. v. Bultron, supra 14.
 "Further the court finds that the reasons stated in the Notice to Quit are too general to serve the function of giving notice. Meaningful notice is a prerequisite for due process. It is not sufficient to apprise the defendant that he is in violation of the rules and regulations without specifically stating which particular paragraph or number of the rules and regulations he has violated. It is insufficient to state that the reason is serious nuisance as defined in § 47a-15. That section specifies four meanings. . . . the range of definitions alone is sufficient to negate the spirit of giving notice when no further CT Page 14654 description is given in the notice to quit." Housing Authority of the City of Bridgeport v. Rogers, supra 2-3.
The Second count alleges as its factual background and reason for termination as follows. "The lease has terminated due to nuisance as defined in Connecticut General Statutes § 47a-32." No further allegation or reference to omissions or commissions has been stated in the complaint nor contained in the notice to quit. The document's lack of specificity are insufficient to alleged a cause of action in the State of Connecticut. Jefferson Gardens Associates v. Greene, supra 143.
The Motion to Strike the Second count is granted.
The Third count relating to violations of the rental agreement states as follows in paragraph 4. "The lease has terminated due to violation of the rental agreement." There is no statement as to which paragraph of the written lease has been violated. There is no statement as to whether or not there is any other "rental agreement" other than the April 2, 1992 written lease in effect. There is no statement that there is any oral rental agreement which contains certain stated terms and conditions. No further factual allegations contained either in the notice to quit or the complaint outline the factual background of the omissions, commissions or acts which caused a violation or violations of the rental agreement. The allegations of the Third count of the complaint lacks specificity and are insufficient to state a cause of action in summary process. Jefferson Gardens Associates v. Greene, supra 143 The Motion to Strike the Third count is granted.
BY THE COURT,
KEVIN TIERNEY, JUDGE