[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
CT Page 3459
The plaintiff, George Stevens, brought this action against the defendants, George Romer and Slavin's Professional Pharmacy, seeking damages for injuries allegedly sustained when the defendant pharmacist dispensed the incorrect prescription.
The defendants filed a motion to strike the plaintiff's complaint on the ground that the counts therein do not state claims for which relief may be granted. Specifically, the defendants move to strike the first and third counts on the ground that they are barred by the applicable statute of limitations. They argue that this action is one sounding in ordinary negligence and is barred by the two year statute of limitations. The defendants also move to strike the plaintiff's second count on the ground that "the facts of this case do not state a claim under the products liability statute."
The plaintiff argues that the complaint does allege facts which state claims for which relief may be granted. Specifically, the plaintiff contends that this action sounds in professional malpractice which has a three year statute of limitations, and does state a claim under the products liability statute.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief can be granted. See Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39(a)(1) (formerly § 152(1)). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS,Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants move to strike the first and third counts of CT Page 3460 the plaintiff's compliant on the ground that a cause of action for negligence, carelessness and/or recklessness, resulting in personal injuries, has a two year statute of limitations, pursuant to General Statutes § 52-584 and that this case was commenced almost three years after the alleged incident.[1]
General Statutes § 52-584 provides, in pertinent part, that "[n]o action for injury to the person . . . caused by the negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered."
The plaintiff alleges that the defendants sold and dispensed the wrong prescription to him on September 29, 1995. This action was commenced by writ, summons and complaint on September 27, 1998. The defendants move to strike the first count of the complaint on the ground that this action is barred by the two year statute of limitations for ordinary negligence. The plaintiff argues that the action was timely commenced since it is one of professional malpractice and products liability, both of which have statutes of limitations of three years, pursuant to General Statutes § 52-577 and § 52-577a(a), respectively.
However, the plaintiff does not allege more than ordinary negligence in the first count and, therefore, the two year statute of limitations is applicable and the action is time barred. The plaintiff alleges that the defendants were negligent, careless and/or reckless when they incorrectly filled the plaintiff's prescription.
This case is factually similar to Shaw v. Caldor, Inc., Superior Court, Judicial District of Stamford-Norwalk at Stamford, Docket No. 135645 (Feb. 23, 1995, Lewis, J.). In that case, like the present case, the plaintiff alleged that he sustained injuries when the pharmacist incorrectly filled his prescription. The court held that "the plaintiff has alleged that the defendant has breached a duty of ordinary care, not a professional standard of care, and therefore, the action does not require expert testimony." The court held, therefore, that the facts in the complaint alleged ordinary negligence rather than professional malpractice.
Viewing the facts of the present case in the light most favorable to the plaintiff, this complaint sounds in ordinary negligence. No expert testimony is necessary since there are no issues which would require such testimony. As such, count one sounds in CT Page 3461 ordinary negligence, not professional malpractice. Therefore, the applicable statute of limitations is two years as prescribed by General Statutes § 52-584. This action was commenced more than two years after the date of the alleged injury. Hence, count one is barred by the statute of limitations, and the defendants motion to strike count one is hereby granted.
The defendants move to strike the second count on the ground that "the facts of this case simply do not state a claim under the products liability statute." They argue that the prescription which was sold and dispensed was "the wrong drug, not a defective drug."
A products liability claim "includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product. . . . [It] shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty. . . ." General Statutes § 52-572m(b).
"[The] `consumer expectation' standard is now well established in Connecticut strict products liability decisions."Potter v. Chicano Pneumatic Tool Co., 241 Conn. 199, 215,694 A.2d 1319 (1997). That standard provides that "the article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." (Internal quotation marks omitted.) Id., 214-15.
In this case, the plaintiff expected that he would receive the same drug which was prescribed by his doctor. Therefore, the plaintiff has alleged that the product was defective. Applying the "consumer expectation" test, the plaintiff has alleged facts to indicate that the product sold by the defendants was defective. As such, the second count does allege facts which state a claim under the products liability statute, and the motion to strike this count is denied.
The plaintiff, in the third count of his complaint, realleges the facts from the second count and adds that his injuries "were the result of the defendants' reckless disregard for the safety of the plaintiff as a consumer of the drug." The defendants move CT Page 3462 to strike this count on the ground that it is barred by the two year statute of limitations of ordinary negligence. However, since this count is one of products liability, which has a three year statute of limitations, the plaintiff's action is not time barred and the motion to strike the third count is hereby denied.
The defendants' motion to strike the first count of the plaintiff's complaint is granted. The defendants' motion to strike the second and third counts of the plaintiff's complaint is denied
D'ANDREA, J.