[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO STRIKE (#145 and 145.7)
This litigation arises from a motorcycle accident that occurred on July 12, 1997, in Harwinton, Connecticut. The plaintiffs allege that the estate's decedent Sin T. Sit was riding a 1997 Suzuki GSX-RGOO V motorcycle and received fatal injuries following a collision caused by the "defective and unreasonably dangerous" condition of the motorcycle's front fork assembly. The plaintiff Matthew Cassina alleges that he was riding a Honda motorcycle directly behind Mr. Sit at the time of the accident, and as a result of the defects in the Suzuki motorcycle operated by Mr. Sit, he suffered serious injuries. The plaintiffs have brought their complaint against Suzuki Motor Corporation ("Suzuki") as the manufacturer of the Suzuki motorcycle, American Suzuki Motor Corporation ("American Suzuki") as the distributor of the motorcycle, and Dighello Brothers, Inc., d/b/a Connecticut Power and Sport ("Dighello"), as the retailer of the Suzuki motorcycle.
In their ten-count revised complaint, the plaintiffs assert claims against all defendants for violation of the Connecticut Product Liability Act, General Statutes § 52-572m et seq. (first, second, third, fourth, fifth and sixth counts) and for infliction of emotional distress and loss of filial consortium (ninth and tenth counts); additional claims are asserted against defendant Dighello for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-ll0(b) et seq. (seventh and eighth counts). All defendants have moved to strike the ninth and tenth counts as well as paragraph two of the prayer for relief contained in the revised complaint; in addition, the defendant Dighello has moved to strike the CUTPA claims and paragraph three of the prayer for relief.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 4639 state a claim upon which relief can be granted . . . (Citation omitted; internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v.United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . ." (Citation omitted; internal quotation. marks omitted.) Id., 588. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint. . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "The court must construe the facts in the complaint most favorably to the plaintiff." Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . ." (Citation omitted; internal quotation marks omitted.) Id.
 Claims by the Plaintiffs' Parents for Emotional Trauma and Loss of Companionship
The parents' claims for emotional trauma, damages and loss of companionship are derived from a loss of filial consortium. The defendants move to strike these claims on the basis that loss of filial' consortium is not actionable under Connecticut law.
Parenthetically, the plaintiffs concede that they would not be entitled to recover damages under the theory of "bystander emotional distress," as that claim is defined in Clohessy v.Bachelor, 237 Conn. 31, 52, 675 A.2d 852(1996). Clohessy requires that "the bystander's emotional injury must have been caused by the contemporaneous sensory perception of the event or conduct that caused the injury." Id. Such experience is not alleged in the revised complaint. Accordingly, if the parents' claim for emotional distress damages is to survive, it must do so under a filial consortium claim.
The Connecticut appellate courts have not yet ruled on the viability of a filial consortium claim; the Connecticut Supreme Court, however, has declined to recognize a cause of action for loss of parental consortium by a minor child. Mendillo v.CT Page 4640Board of Education, 246 Conn. 456, 477-95, 717 A.2d 1177(1998). TheMendillo court gave compelling consideration to the minor children' s claim in that case for loss of parental consortium by a minor child resulting from serious injury to the child's parent. Id., 477-96. The court rejected the claim, allowing to stand for another day the general rule of limiting the tortfeasor's liability to the person directly harmed. Id., 484. In so short a time after theMendillo decision, it is unlikely that the court would recognize a claim arising from a parent's loss of companionship of an adult child. Accordingly, this court finds as a matter of law that the ninth and tenth counts of the. revised complaint, to the extent that they are based on loss of filial consortium, fail to state a claim upon which relief may be granted.
The motions to strike are granted as to the ninth and tenth counts.
 Claim for Medical, Funeral and Incidental Expenses Sought by the Parents of the Plaintiffs
At the time of the accident in suit, the plaintiff Cassina and the estate's decedent Sin T. Sit were adults. The estate now claims damages including medical and funeral expenses and other consequential damages. In addition, the decedent's parents assert in the ninth count an individual claim for those same damages. The defendants move to strike the individual claims by Mr. Sit's parents for such medical, funeral and incidental expenses because such damages are recoverable only by their son's estate. The defendants also move to strike the tenth count by the plaintiff Cassina's parents for his medical and incidental expenses on the ground that such damages are recoverable by the adult son and not by his parents. The plaintiff opposes the motion to strike these claims.
"General Statutes § 52-555 . . . is the sole basis upon which an action that includes as an element of damages a person's death or its consequences can be brought." Lynn v. HaybusterManufacturing, Inc., 226 Conn. 282, 295, 627 A.2d 1288 (1993). The statute allows the decedent's estate the exclusive right to recover for a wrongful death and its consequences. The court finds as a matter of law that the decedent's parents have no independent legal claim to such damages.
Moreover, plaintiff Cassina' s parents have not demonstrated any independent right to recover damages or expenses incurred on CT Page 4641 behalf of their adult child. Accordingly, the claims for expenses sought directly by the parents of the decedent and Mr. Cassina in the ninth and tenth counts of the revised complaint are stricken.
 Claims Under Connecticut Unfair Trade Practices Act (CUTPA) Gen. Stat. § 42-110(g) et. seq.
The seventh and eighth counts are asserted specifically against the defendant Dighello for recovery of damages under CUTPA. Dighello moves to strike these claims on the ground that a CUTPA claim may not be pleaded in a case brought under the product liability act. The plaintiffs oppose the motion by arguing that their CUTPA claims raise issues that are distinct from those alleged in their product liability claims.
The Connecticut appellate courts have not yet addressed the issue of whether a CUTPA claim may be pleaded in a product liability action. However, this court considered the question inBarry et al v. quality Steel Products, Inc. et al., Superior Court, judicial district of Waterbury (Oct. 29, 1999. McWeeny,J.) (25 Conn.L.Rptr. 549), and adopted the "functional equivalence test." That analysis involves the determination of whether the CUTPA claim in suit is functionally equivalent to the product liability act claim asserted in the same action. The plaintiffs argue that their CUTPA claims are not the functional equivalent of their product liability claims because in their CUTPA claims they have added allegations of failure to inspect and repair the motorcycle following its purchase. A review' of the first and second counts of plaintiffs' revised complaint, however, reveals that failure to test and inspect the motorcycle are allegations included as part of their product liability case. The CUTPA allegations therefore are the functional equivalent of what is alleged in the product liability claims.
The eighth count is the claim by the plaintiff Cassina under CUTPA. In addition to the above comments regarding the redundant nature of including a CUTPA claim in a product liability case, the eighth count also fails to allege a necessary "commercial relationship" under General Statutes § 42-110(g). See Marr v.WMX Technologies, Inc., Superior Court, judicial district of Litchfield at Litchfield (Nov. 6, 1998, Sheldon, J.) (23 Conn. L. Rptr. 220). While it is asserted in the revised complaint that the plaintiff decedent Sin T. Sit purchased the motorcycle from the defendant Dighello, the plaintiff Cassina does not allege anywhere in the complaint that he had any relationship with Dighello. CT Page 4642
Accordingly, for all of the above reasons, the CUTPA claims (seventh and eighth counts) are stricken.
 Plaintiffs' Claims for Punitive Damages
The defendants move to strike the plaintiffs' claim for punitive damages asserted in paragraph 2 of their prayer for relief[1] because the plaintiffs failed to plead the necessary statutory elements of a punitive damage claim. The plaintiffs oppose the motion to strike their prayer for punitive damages on the basis that these damages are recoverable under General Statutes §§ 42-110(8)(CUTPA) and 52-240(b) (product liability act). The court has stricken the plaintiffs' CUTPA claims, thereby leaving for question whether the plaintiffs have properly alleged a claim for punitive damages under the Connecticut product liability act.
The Connecticut Supreme Court consistently has stated that "to award punitive or exemplary damages, evidence must reveal a reckless indifference to the rights of others or an intentional and wanton violation of those rights. . . ." (Citations omitted.)Berry v. Loiseau, 223 Conn. 786, 811, 614 A.2d 414 (1992). In actions asserted specifically under the Connecticut product liability act, punitive damages may be awarded only if "the claimant proves that the harm suffered was a result of the product seller's reckless disregard for the safety of product users, consumers or others who are injured by the product." General Statutes § 52-240(b). The complaint does not contain any allegation that the defendants were reckless in any respect. Accordingly, the plaintiffs have not properly alleged a claim upon which an award of punitive damages could be made. The plaintiffs' claim for punitive damages is stricken.
 Order
The court's order with respect to the revised complaint is as follows:
(1) seventh count is ordered stricken;
(2) eight count is ordered stricken;
(3) ninth count is ordered stricken;
(4) tenth count is ordered stricken; and CT Page 4643
(5) paragraph two of the prayer for relief is ordered stricken.
ROBERT F. McWEENY, J.