[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The complaint in this action alleges that the plaintiff entered into an agreement, with a general contractor apparently acting as an CT Page 3485 intermediary, with the defendant condominium association to provide work and materials regarding carpeting and installation. The complaint alleges that the plaintiff was not paid for its work, and the complaint includes one count of breach of contract and one count of unjust enrichment.
The defendant has moved to strike the complaint on the ground that the plaintiff is in violation of the Home Improvement Act, §§ 20-418 et seq. of the General Statutes, and that the agreement, if any, is unenforceable. The defendant has argued that a condominium association is not an "owner" pursuant to the Act; see § 20-419 (6) of the General Statutes and Napychank v. Cedar Street Condominium Association, 1999 WL 49769 (Thompson, J.); and that the motion to strike ought to be denied. The plaintiff has countered with a suggestion that the association acts as the agent of the owners.
I feel constrained by the Practice Book to deny the motion to strike for procedural as well as substantive reasons. The assertion of the Home Improvement Act issue does not question the sufficiency of the allegations of the complaint; see § 10-39 of the Practice Book; rather, it alleges facts which are consistent with the complaint but are claimed to show, notwithstanding, that the plaintiff has no cause of action. Section 10-50 of the Practice Book. As such, the issue is properly raised, if at all, by special defense. In Napychank, supra, for example, the issue was decided in the context of a motion to strike a special defense; in Giglio v. Villa Sol D'or Condominium Association, WL 199349 (Espinosa, J.), the issue was raised in a motion for summary judgment.
It is true, as suggested by the plaintiff, that where the allegations of the complaint sufficiently frame the issue, a motion to strike the complaint may be used to decide issues more logically raised in defense. In Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345 (1990), the applicability of the Home Improvement Act to a transaction was decided in the context of a motion to strike the complaint. The complaint in that action alleged, however, that the plaintiff sought to recover by virtue of an oral agreement to provide home improvement services at the defendants' residence. Id., at 347. In Qualx, Inc. v. Bryan, 1995 WL 360759, Judge Pickett decided a similar issue in the procedural context of a motion to strike the complaint, but stated the common sense notion that where the application of the Act may not be readily apparent on the face of the complaint, then the issue is appropriately raised by special defense.
The revised complaint in this case alleges that there was an oral agreement to provide materials and labor at the Riverpoint Condominiums in East Hartford, and that the defendant is a Connecticut corporation CT Page 3486 operating the condominium complex in question. It does not allege that the defendant owns or resides in a private residence as is an agent of such a person. Any issues of agency, as argued by the defendant, are more appropriately developed by factual allegations. The motion to strike is denied.
Because the parties chose to address the issues raised by the motion to strike on the merits, I shall also briefly address the merits, with the understanding that the discussion is hindered by the absence of any factual information other than that contained in the complaint, which is deemed to be true for the purpose of this motion. Pursuant to the Home Improvement Act, an "owner" is "a person who owns or resides in a private residence and includes any agent thereof." Section 20-419 (6). A cursory reading of the Common Interest Ownership Act, §§ 47-200 et seq. of the General Statutes, and the application of common sense lead to the conclusions that the association does not own or live in a private residence and that the association is not necessarily the agent of an owner, but rather is a representative body with powers and duties of its own. of course, there may be situations in which the association acts as an agent of an owner, but the agency relationship is by no means necessary and further facts would be required to develop an agency relationship in any particular situation.
Napychank, supra, held, though rather cursorily, that an association was not subject to the Home Improvement Act. The cases cited by the plaintiff do not hold that an association is necessarily an agent of an owner, nor that an association is itself protected by the act. InGiglio, supra, the issue was not disputed and not the subject of the holding of the case.
However the case may unfold, it is clear that the complaint does not necessarily fail to state a ground on which relief may be granted because on noncompliance with the Home Improvement Act, and the motion to strike is denied.[1]
Beach, J.