[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE COUNT THREE
CT Page 4065
On November 13, 2000, the plaintiff, Marten Transport, Ltd., filed a three-count amended complaint against the defendant, MacDermid, Inc., alleging the following facts. On June 16, 1995, the plaintiff entered into a bilateral contract with the defendant, a corporation that manufactures, markets and distributes specialty chemicals. Pursuant to the contract, the plaintiff was responsible for the transportation of the defendant's chemical products within an authorized territory. The defendant was responsible for preparing, packing and bracing the shipment on the plaintiff's vehicles.
On July 22, 1998, November 4, 1998, and January 12, 1999, the defendant's chemical storage drums leaked causing damage to the plaintiff's trailers and causing the plaintiff to incur significant environmental clean-up costs. Based on the foregoing, the plaintiff asserts causes of actions for negligence, breach of contract and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.
On November 29, 2000, the defendant filed a motion to strike count three of the plaintiff's complaint on the ground that it fails to state a cause of action under CUTPA upon which relief may be granted. The plaintiff filed an objection to the motion to strike on December 27, 2000, with a supporting memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). Additionally, "[i]n deciding upon a motion to strike . . . a trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
The defendant first argues that its motion to strike should be granted because the trucking of products is merely incidental to its primary trade or business.
In response, the plaintiff argues that the loading of chemicals for distribution is not merely incidental to the defendant's business. CT Page 4066
The Connecticut Unfair Trade and Practices Act provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "In order to allege a CUTPA violation properly, the plaintiff must allege, inter alia, that the acts complained of were performed in a `trade or business.'" Pergament v. Green,32 Conn. App. 644, 655, 630 A.2d 615, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). In construing CUTPA, Connecticut courts "shall be guided by interpretations given by the Federal Trade Commission and the federal courts. . . ." General Statutes § 42-110b (b); see alsoLarsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 498, 656 A.2d 1009
(1995). Moreover, "a CUTPA violation may not arise out of conduct that is merely incidental to the performance of one's trade or commerce."Cornerstone Realty, Inc. v. Dresser Rand Co., 993 F. Sup. 107, 113
(D.Conn. 1998).
Taking the plaintiff's allegations as true for purposes of this motion, the defendant's primary business is the manufacturing, marketing and distributing of specialty chemicals. (Amended Complaint, count three, ¶ 2.) As a manufacturer of specialty chemicals, the defendant made arrangements with carriers for the distribution of its product. This is evidenced by the bilateral contract entered into by the plaintiff and the defendant. (Complaint, count one, ¶ 1.)[1] The defendant was contractually bound to prepare, package and brace its product in the plaintiff's trailers. (Complaint, count one, ¶ 3.) By assuming responsibility under the contract, the defendant made preparing, packaging, and bracing its product part of its primary business of distributing. The court finds that the loading of the defendant's chemicals onto the plaintiff's trailers was not incidental to the conduct of the defendant's primary trade or business. Pergament v. Green, supra,32 Conn. App. 655. Accordingly, the plaintiff has met the requirement of alleging that the defendant's deceptive acts or practices occurred in the conduct of trade or commerce as required by General Statutes § 42-110b
(a).
The defendant next argues that the plaintiff's allegations of three separate and unconnected incidents cannot support a CUTPA claim. In response, the plaintiff argues that the allegations in its complaint refute the defendant's argument because a pattern of unfair conduct and a common cause has been alleged. As the defendant properly notes, there is a split in the Superior Court as to whether a single act constitutes a CUTPA violation. This split of authority is most often found, however, in cases involving a private individual's sale of a business or isolated real estate transaction.[2] Advest, Inc. v. Carvel Corporation,
Superior Court, judicial district of Hartford-New Britain at Hartford, CT Page 4067 Docket No. 585401 (September 21, 1999, Peck, J.). As a general matter, the Superior Court applies CUTPA to a single act or transaction when "the defendant is an entity or an individual engaged in a business activity which is at the heart of the complaint and the alleged violation." (Internal quotation marks omitted.) Leach Family Holdings v. RaymarkInd., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345036 (April 24, 1998, Maiocco, J.); see also Glaser RealtyAssociates v. Joshua Morris, Superior Court, judicial district of Danbury, Docket No. 322785 (January 15, 1997, Moraghan, J.); Jokl v.Watt, Superior Court, judicial district of New Haven at New Haven, Docket No. 372000 (February 28, 1996, Gray, J.). "The intent of CUTPA is to punish those who conduct trade or business in an unscrupulous fashion."McCarthy v. Fingelly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268839 (May 28, 1991, Katz, J.).
As previously noted, the plaintiff has sufficiently alleged that the defendant's unfair conduct occurred in the course of its primary business. Moreover, the plaintiff has alleged three incidents involving the defendant's failure to observe a reasonable degree of care in loading and securing the chemical cargo into the plaintiff's trailers. (Amended Complaint, count three, ¶ 3.) The alleged incidents occurred within a time span of six months, thus, connoting a pattern of unfair conduct. The court finds that the plaintiff has alleged more than what is required for CUTPA to apply. Leach Family Holdings v. Ravmark Ind., supra, Superior Court, Docket No. 345036.
The defendant further argues that a plaintiff has to allege more than mere negligence to support a CUTPA claim. In response, the plaintiff argues that it alleges more than mere negligence in count three of its complaint. The plaintiff further argues that even if count three was based solely upon negligence, the allegations satisfy the "cigarette rule." "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the "cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Willow Springs CondominiumAssn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 43, 717 A.2d 77
CT Page 4068 (1998).
"In order to withstand a motion to strike for legal insufficiency, the plaintiff must allege practices or methods of trade by the defendant that can be described as immoral, unethical, oppressive, unscrupulous or offensive to public policy." Chernet v. Town of Wilton, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 108840 (Sep. 28, 1990, Cioffi, J.). "[T]he first prong [of the cigarette rule], standing alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence." A-G Foods,Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 217, 579 A.2d 69 (1990). As a general matter, "negligence has long been defined as the failure to use that degree of care for the protection of another that the ordinarily reasonably careful and prudent [person] would use under like circumstances." (Internal quotation marks omitted.) Brown v. Branford,12 Conn. App. 106, 108, 529 A.2d 743 (1987).
In the present case, the plaintiff alleges that the defendant "acted with conscious disregard of the first chemical spill . . . and wilfully disregarded the probability that a chemical accident could occur again, injuring Marten Transport, its representative driver, and the public at large." (Amended Complaint, count three, ¶ 5.) The plaintiff also alleges that the defendant "knew or should have known after the first chemical spill that its loading methods and/or inspection were inadequate." (Amended Complaint, count three, ¶ 3.) The plaintiff further alleges that the defendant "failed to safely and properly load the hazardous materials into Marten's trailers when it knew or should have known that such loading was unsafe and threatened public safety." (Amended Complaint, count three, ¶ 3.)
After viewing these allegations in the light most favorable to the plaintiff, the court finds that the plaintiff has alleged more than mere negligence in the third count of its complaint. The plaintiff's language denotes that the defendant's conduct was more than a failure to use that degree of care for the protection of another that a reasonable and prudent defendant would use under like circumstances. Brown v. Branford,
supra, 12 Conn. App. 108. The court further finds that the plaintiff has sufficiently alleged practices by the defendant that can be described as unscrupulous or offensive to public policy. Chernet v. Town of Wilton,
supra. Superior Court, Docket No. 108840. For example, the defendant allegedly risked injuring the plaintiff's employees and the public at large through chemical spills. (Amended Complaint, third count, ¶ 5.) Accordingly, the plaintiff's allegations of more than mere negligence are enough to withstand the defendant's motion to strike. Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., supra,245 Conn. 43. CT Page 4069
For the foregoing reasons, the defendant's motion to strike the third count of the plaintiff's amended complaint is denied because the plaintiff has sufficiently alleged a cause of action under CUTPA.
By the Court
Joseph W. Doherty, Judge