[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S COUNTERCLAIM
The plaintiff, Connecticut Light and Power Company, filed a complaint against the defendant, Kathi Ellison, alleging trespass and an overburdening of an easement. The plaintiff alleges that it owns in fee the area known as Lake Candlewood, which is located in several towns, including New Fairfield.[1] The defendant owns real property in New Fairfield, and has a 12 foot right-of-way across the plaintiff's property to access the waters of Lake Candlewood. The plaintiff alleges the defendant has constructed a catwalk and a dock on the plaintiff's property in the waters of the lake, and by such action, is trespassing on the plaintiff's property and overburdening her easement rights.
The defendant filed a counterclaim alleging that the plaintiff violated the Connecticut Unfair Trade Practices Act (CUTPA) by selectively enforcing its land management policy against the defendant. The defendant alleges that since 1957, the defendant or her predecessors have maintained a dock and a catwalk in the waters of the lake and, currently, the dock and catwalk is the community property of the defendant and her surrounding neighbors. Despite the community ownership in the dock, the defendant alleges that the plaintiff has failed to take any legal action against similarly situated property owners who have easement fights similar to the defendant's. The defendant further alleges that the plaintiff frequently allows numerous homeowners to maintain or construct docks on the water and that it has failed to uniformly enforce its land management policy with regard to those docks. As such, its policy is arbitrary and capricious and the plaintiff has selectively targeted the defendant by instituting the present action, thus violating CUTPA.
The plaintiff now moves to strike the counterclaim on the grounds that: (1) the defendant failed to allege that the plaintiff was engaged in trade or commerce; (2) the counterclaim fails to allege any consumer relationship; (3) the act of bringing a single lawsuit is an insufficient basis for a CUTPA claim; (4) the counterclaim fails to meet the requirements of the cigarette rule; and (5) the counterclaim fails to allege more than a single act. The defendant did not oppose the motion.[2]
CT Page 10669
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted. (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 212-13, 746 A.2d 730 (2000).
CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other business persons. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Brackets omitted; citations omitted; internal quotation marks omitted.) Hartford ElectricSupply Co. v. Allen-Bradley Co., 250 Conn. 334, 367-68, 736 A.2d 824
(1999).
The court finds that the alleged conduct of the plaintiff does not arise to the level of immoral, unethical, oppressive or unscrupulous practice that must be alleged to sustain a sufficient CUTPA claim. The plaintiff has simply filed a lawsuit to assert its alleged legal rights to its real property as against the defendant. Asserting property rights, even if selectively, does not offend public policy, but rather is an established public policy. The defendant has failed to allege any facts that would meet any of the criteria set forth in the cigarette rule, and thus, the plaintiff's motion to strike the defendant's counterclaim is granted.
Holden, J. CT Page 10670