[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#103)
The plaintiff, Greenwich Capital Financial Products, Inc. ("plaintiff"), brings this action against the defendant, Citicorp Mortgage, Inc. ("defendant"). The first count alleges breach of contract. The second count alleges a breach of implied covenant of good faith and fair dealing. In the third count, the plaintiff alleges promissory estoppel. The fourth count alleges that the plaintiff "partially performed the parties' agreement." Unjust enrichment is alleged in the fifth count and CUTPA violations are alleged in the sixth and seventh counts.
The defendant moves to strike the fourth, sixth and seventh counts on the ground that the plaintiff fails to state legally sufficient causes of action. Specifically, the defendant argues that "the Fourth Count, which purports to set forth a claim for `part performance' . . . should be stricken because . . . part performance is not an independent cause of action . . . [and] the doctrine of part performance is not recognized in actions at law and is not available in such actions to recover damages." The defendant moves to strike the sixth and seventh counts, arguing that "simple contract breach is not sufficient to establish a violation of CUTPA."
The motion to strike is used to test the legal sufficiency of any pleading. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985); Practice Book § 10-319 (formerly § 152). The CT Page 4251 purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint, or count thereof, to state a claim upon which relief may be granted. See Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998); Practice Book § 10-39(a)(1) (formerly § 152(1)).
"[F]or the purposes of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see alsoFerryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "Although the motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Quimby v. Kimberly ClarkCorp., 28 Conn. App. 660, 664, 613 A.2d 838 (1992). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS. Inc., supra,196 Conn. 108-09.
"In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
Here, the defendant moves to strike counts four, six and seven of the plaintiffs complaint. The defendant argues that each of those counts fail to properly plead a viable cause of action.
A. Count Four
In the fourth count of the complaint, the plaintiff alleges that the defendant breached its contract with the plaintiff despite the part performance by the plaintiff. The defendant states that this count should be stricken since "part performance is not an independent cause of action . . . [and] the doctrine of part performance is not recognized in actions at law and is not available in such actions to recover damages." CT Page 4252
This court cannot find any cases to support the plaintiffs contention that "part performance" is an independent cause of action that may be pled separate and apart from a breach of contract claim. "Part performance" is a doctrine which takes an oral agreement out of the statute of frauds. Part performance is an allegation which would amount to an element of breach of contract. See Dulara Building Investment Corp. v. Boston FiveMortgage Corp., Superior Court, judicial district of Middlesex, Docket No. 064203 (Mar. 1, 1993, Higgins, J.) (holding that the "plaintiff having alleged both elements of part performance has alleged sufficient facts to state a cause of action for a breach of contract"). Allegations of part performance can be elements to state a cause of action for breach of contract, however, standing alone, they do not amount to an independent cause of action. Therefore, the defendant's motion to strike the fourth count of the plaintiffs complaint is hereby granted.[1]
B. Counts Six and Seven
In the sixth count of the complaint, the plaintiff alleges that the defendant violated the Connecticut Unfair Trade Practices Act ("CUTPA") in that the defendant's conduct "constituted an unfair act or practice in the conduct of trade or commerce . . . [and] that said conduct violated or offended public policy, was immoral, unethical or unscrupulous and was substantially injurious to other business, including [plaintiff]." The plaintiff further alleges in the sixth count that the defendant's conduct "also violated established concepts of fairness with regard to . . . trade or commerce."
In the seventh count, the plaintiff alleges that the defendant's conduct "constituted a deceptive act or practice in the conduct of . . . trade or commerce . . . within the meaning of the CUTPA . . . in that said conduct constituted a material representation, omission or practice that was likely to mislead other businesses and market participants, including [plaintiff], acting reasonably under the circumstances." The defendant states that "the Sixth and Seventh Counts, which purport to state claims for violations of [CUTPA] should be stricken based on the well-settled rule that a simple contract breach is not sufficient to establish a violation of CUTPA."
"CUTPA is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." (Alterations in original; internal quotation marks CT Page 4253 omitted.) Service Road Corp. v. Ouinn, 241 Conn. 630, 637,698 A.2d 258 (1997); see also General Statutes § 42-110b (d). General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
The Supreme Court has adopted the criteria set out by the federal trade commission in the "cigarette rule" to determine whether there is a violation of the act. Williams Ford, Inc. v.Hartford Courant Co., 232 Conn. 559, 591, 657 A.2d 212 (1995). The criteria for a CUTPA violation are: "(1) [W]hether the practices, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Alterations in original; citations omitted; internal quotation marks omitted.) Id.
The Supreme Court has held that "[a]ll three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three. . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . . Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Alterations in original; internal quotation marks omitted.) Associated Investment Co. Ltd. Partnership v. WilliamsAssociates IV, 230 Conn. 148, 156, 645 A.2d 505 (1994).
A "simple breach of contract does not offend traditional notions of fairness, and . . . standing alone does not offend public policy to invoke CUTPA." Boulevard Associates v. SovereignHotels, Inc., 72 F.3d 1029, 1038-39 (2d Cir. 1995). The Supreme Court noted, however, that "there is no . . . unfair method of competition, or unfair [or] deceptive act or practice that cannot be reached [under CUTPA]." (Alterations in original; internal quotation marks omitted.) Associated Investment Co. Ltd.Partnership v. Williams Associates IV, supra, 230 Conn. 158. "[T]o recover under CUTPA for a simple breach of contract, the plaintiff must show substantial aggravating circumstances intending to breach. Under [CUTPA,] intent to deceive is not CT Page 4254 relevant. The fact that a deception occurred and injured others in a business is all that is required." (Alterations in original; internal quotation marks omitted.) Thames River Recycling, Inc.v. Gallo, 50 Conn. App. 767, 720 A.2d 242 (1998).
The plaintiff, in the sixth and seventh counts of the complaint, alleges more than a simple breach of contract. In the sixth count, the plaintiff realleges the facts of the first count sounding in breach of contract. However, the plaintiff does not stop there. The plaintiff, in the sixth count, further alleges facts sufficient to allege a CUTPA violation. Specifically, the plaintiff alleges that the defendant's conduct "constituted an unfair act or practice in the conduct of . . . trade or commerce . . . within the meaning of [CUTPA], in that said conduct violated or offended public policy, was immoral, unethical or unscrupulous, and was substantially injurious to other businesses, including [plaintiff]." The specific factual allegations of the defendant's conduct are alleged in count six, ¶ 90.
The plaintiff further alleges that the defendant's conduct "also violated or offended established concepts of fairness with regard to . . . trade or commerce . . . [and that] conduct caused [plaintiff] substantial monetary injury which could not reasonably have been avoided and is not outweighed by any countervailing benefit to consumers, competitors or other business, including [plaintiff] or [defendant]." Thus, the sixth count alleges more than a simple breach of contract. The criteria for a CUTPA violation, as set forth by the Supreme Court, have been pled in the sixth count, and the motion to strike this count is hereby denied.
In the seventh count, the plaintiff alleges that the defendant's "conduct constituted a deceptive act or practice in the conduct of . . . trade or commerce . . . within the meaning of [CUTPA], in that said conduct constituted a material representation, omission or practice that was likely to mislead other businesses and market participants, including [plaintiff], acting reasonably under the circumstances." The other paragraphs of the seventh count set forth the factual allegations of the alleged deception, fraud and misrepresentation.
"The fact that a deception occurred and injured others in a business is all that is required." (Alterations in original; internal quotation marks omitted.) Thames River Recycling, Inc.CT Page 4255v. Gallo, supra, 50 Conn. App. 767. The plaintiff has alleged that a deception occurred and it injured the plaintiff. As such, the plaintiff has alleged more than a simple breach of contract in the seventh count and the defendant's motion to strike this count is hereby denied.
 CONCLUSION
The defendant's motion to strike the fourth count of the plaintiffs complaint is granted. The defendant's motion to strike the sixth and seventh counts of the plaintiffs complaint is denied
MINTZ, J.