[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff brought this action against the defendants alleging that he was a passenger in a motor vehicle on September 12, 1998, in the Town CT Page 11782 of Winsted, and received various personal injuries when an automobile operated by the defendant, Phillip C. Taylor, collided with the automobile in which he was riding. In the first count of the complaint, the plaintiff alleges a cause of action for negligence and in the second count of the complaint he alleges that the motor vehicle accident was due to the deliberate or reckless actions of the defendant, Phillip C. Taylor.
The defendants filed a motion to strike the second count of the complaint contending that the plaintiff has failed to allege facts to support a claim of reckless conduct under General Statutes § 14-295. The court does not agree.
 The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged.
(Internal quotation marks omitted; citations omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). The court, when ruling on a motion to strike, may not be "aided by the assumption of facts not therein alleged." Liljedahl Bros., Inc.v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
In support of his motion to strike, the defendant argues that the plaintiff has failed to set forth a claim upon which relief can be granted. The defendant argues that the "plaintiff fails to pleadanything other than an approximation of the statutory language set forth in C.G.S. 14-295". (Emphasis added.) (Motion To Strike at 5.)
The Appellate Court has not indicated what facts a plaintiff must plead in order to establish a course of action pursuant to § 14-295 and there is a split of authority among Superior Court decisions on this issue.
The first line of Superior Court cases requires a plaintiff to plead specific facts to support a claim of recklessness at common law. Pleading just a statutory violation as set out in § 14-295 is not sufficient.Pitka v. Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 15, 1994, Austin, J.), (13 Conn. L. Rptr. 32);Lezotte v. Hanover Ins. Co., Superior Court, judicial district CT Page 11783 of Waterbury at Waterbury, Docket No. 112067 (January 6, 1993,Sylvester, J.), (8 Conn.L.Rptr. 199).
The second line of Superior Court cases held that the plaintiff is only required to plead that the defendant has violated one or more of the statutory provisions set out in § 14-295 and that the violation was a substantial factor in causing the plaintiffs injuries. Eldridge v.Sternberg, Superior Court, judicial district of Hartford/New Britain at Hartford. Docket No. 544939 (February 16, 1995, Wagner, J.); St. Georgev. Connecticut Car Rental, Superior Court, judicial district of Hartford/New Britain at Hartford. Docket No. 554923 (February 27, 1996,Spada, J.).
The plaintiff in the present case has alleged in the second count that the actions of the defendant. Phillip C. Taylor were done "deliberately or with reckless disregard for the safety of other individuals . . .and the "collision was due to the actions". (Complaint, Second Count ¶ 6.)
The plaintiff then goes on to plead facts that are alleged to be violations of General Statutes § 14-227a — vehicle operated while the defendant was under the influence of alcohol or drugs; General Statutes § 14-222 — vehicle operated in a reckless manner disregarding the width and condition of the road; and General Statutes § 14-218a — vehicle operated at an excessive rate of speed. (Complaint, Second Count ¶ 6 a, b, c. d.)
The plaintiff has satisfied the requirements of both lines of cases discussed above for a claim under § 14-295. The second count of the complaint alleges that the defendant, Phillip C. Taylor violated one or more of the statutes enumerated in § 14-295 and that their violation was a substantial factor in causing the plaintiffs injuries. Additionally, the plaintiff has pleaded specific facts to support the claimed recklessness at common law.
Therefore, the court denies the defendant's motion to strike.
Cremins, J.