[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THE INTERVENING COMPLAINT
On August 26, 1999, the plaintiffs, Jonathan Vitale and Lynn Vitale, filed a complaint alleging in two counts that the defendant, Ravizza Bros., Inc. (Ravizza), Jonathan Vitale's employer, through wilful, serious and intentional misconduct caused disabling injuries to Jonathan Vitale and loss of consortium to Lynn Vitale.
On September 7, 1999, Ravizza, the sole defendant in the action, filed a motion to intervene as a co-plaintiff and to file an intervening complaint, which motion was granted on September 20, 1999. The intervening complaint alleges that Ravizza should be permitted reimbursement of the amounts it has paid and may become obligated to pay Jonathan Vitale for medical treatment and compensation under the Workers' Compensation Act.
On May 12, 2000, Ravizza filed a motion to strike the intervening complaint, which it had filed in its capacity as intervening plaintiff,[1] on the ground that the intervening plaintiff has CT Page 16188 not pleaded a legally sufficient claim, because Ravizza is not a third party tortfeasor within the meaning of General Statutes §31-293(a). As required by Practice Book § 10-42, Ravizza filed a memorandum of law in support of its motion, and the intervening plaintiff has timely filed a memorandum in opposition.
 I. Standard of Review
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged." LiljedahlBrothers, Inc. v. Grisby, 215 Conn. 345, 348, 576 A.2d 149 (1990). A motion to strike admits all facts well pleaded. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
 II. Discussion
Ravizza moves to strike the intervening complaint on the ground that the intervening plaintiff has not alleged a legally sufficient claim, because the defendant is not a "third party" tortfeasor within the meaning of General Statutes § 31-293(a). Ravizza argues that because it is the only defendant in the action, there is no third party tortfeasor as required by the plain language of the statute.[2]
The intervening plaintiff argues in opposition that an employer's right to intervene as provided by § 31-293(a) is "not taken away by the mere fact that the responsible employer/intervening plaintiff is also a cited defendant." The intervening plaintiff further argues that although this action is not a traditional third party tortfeasor case, the employer still has a right of recovery for money paid to the employee within the workers' compensation context, for if the employer were kept from intervening, the plaintiff would be allowed the benefit of double recovery.
Our Supreme Court "consistently [has] interpreted the exclusivity provision of the [Workers' Compensation Act], General Statutes §31-284(a), as a total bar to common law actions brought by employees for job related injuries with one narrow exception that exists when the employer has committed an intentional tort or where the employer has CT Page 16189 engaged in wilful or serious misconduct." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 106, 639 A.2d 507 (1994). The action presently before the court is based upon this exception to the exclusivity provision.
"Although the title of a statute is not determinative of its meaning, [the Supreme Court has] often looked to a statute's title as some evidence of that meaning." Burke v. Fleet National Bank, 252 Conn. 1,13, 742 A.2d 293 (1999). Section 31-293 is entitled, in part, "Liability of third person to employer and employee." The text of subsection (a) of § 31-293 provides that "[w]hen any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who hascomplied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury, the employee may claim compensation under the provisions of this chapter . . . but the injured employee may proceed at law against such person."[3] (Emphasis added.) The statute further provides that an employer "may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee," or the employer may join as a party plaintiff in any action brought against such person by the employee. Section 31-293(a) also states that "[i]n any case in which an employee brings an action against a party other than anemployer who failed to comply with the requirements of subsection (b) ofsection 31-284. . . and the employer is a party defendant in the action, the employer may join as a party plaintiff in the action." (Emphasis added.)
The title and the text of § 31-293(a) speak to the liability ofthird persons to employees and employers. Whether Ravizza has or has not complied with the requirements of subsection (b) of § 31-284, intervention on the part of Ravizza under § 31-293(a) is dependent upon the presence of a third party, which is lacking in this case. InMiller v. Nexus Corporation, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345522 (October 1, 1999, Melville,J.) (25 Conn. Law Rptr. 529), the plaintiff, like the plaintiff Jonathan Vitale in the present action, sued her employer on a theory of willful and serious misconduct. In Miller, the employer filed an intervening complaint, which the plaintiff moved to strike. In granting the motion to strike, the court noted that "[t]he peculiarly determinative fact in this case is that, unlike the majority of workers' compensation intervening employer cases, there is no traditional third party here. Defendant/Intervening Plaintiff Nexus is both the employer and the third-party tortfeasor here. Consequently, this simultaneous status of Nexus prevents it from becoming a suitable intervening plaintiff." Id; see also Kane v. Villafane, Superior Court, judicial district of CT Page 16190 Stamford-Norwalk at Stamford, Docket No. 157325 (September 29, 1998,Karazin, J.) (22 Conn. Law Rptr. 605) (an insurer is not a third party under § 31-293(a)); Szilagyi v. The University Club of Hartford, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 470482 (May 6, 1996, Arena, J.) 5 (16 Conn. Law Rptr. 632) (employer being sued directly is not a third party and does not come within the scope or purpose of § 31-293
(a)); Scandura v. Friendly Ice Cream, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529109 (February 21, 1995, Wagner, J.) (13 Conn. Law Rptr. 512) (upon reconsideration court concludes its original decision denying defendant employer's motion to intervene was correct where employer was the sole defendant); but see Smaga v. AveryAbrasives, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 319062 (April 23, 1999, Rush, J.) (24 Conn. Law Rptr. 418) (defendant employer's motion to dismiss employer's intervening complaint denied; Suarez decision "allowing a suit against an employer as an exception for intentional torts . . . also requires an interpretation of § 31-293 so as to provide the right of intervention").
Because Ravizza is the sole defendant in this action, there is no third party action in which Ravizza may intervene as a plaintiff pursuant to § 31-293(a). The intervening plaintiff's concern regarding the possibility of double recovery by the plaintiffs in this case was addressed by the Supreme Court in Suarez v. Dickmont Plastics Corp., supra, when the court stated: "We are not unmindful that our opinion today may trigger concerns among employers regarding their potential exposure to claims on two fronts. We do not believe that our holding, however, will encourage significant additional litigation, for only in those rare instances when an employer's conduct allegedly fails within the very narrow exception to the act will such litigation result. . . .We think the setoff provisions used routinely by our judges in the other areas provide adequate protection for employers on those rare occasions where a suit follows recovery under the act." Suarez v. Dickmont PlasticsCorp., supra, 229 Conn. 118.
 III. Conclusion
For the reasons outlined above, Ravizza's motion to strike the intervening complaint is hereby granted. It is so ordered.
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT