[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE :DEFENDANT'S MOTION TO STRIKE # 111 
 FACTS 
This matter is before the court on the defendant's motion to strike (#111) the plaintiff's first amended complaint dated, September 9, 1999. CT Page 711 In his complaint, the plaintiff, "James Doe",[1] alleges the following facts. He was physically and sexually assaulted by Arthur Pope, a minister for the First Church of Christ (First Church), while he was engaged in counseling sessions with Pope from February 1988 until August 1990. The First Church is a member of the New London Association of the United Church of Christ (Association). Pope abused the plaintiff while acting in the course and scope of his duties as a minister, as an agent, servant and employee of the First Church. At the time of the alleged abuse, Pope was also an approved minister of the Association. "Minister Jones"[2] was a student associate minister for the Association who had previous knowledge that Pope had mixed sex and beatings with counseling. Jones acted as a minister for the First Church, with the approval of the Association, from September 1987 until June 1988. Jones acted as an agent, servant, or employee of the Association during the time he performed his duties at the First Church.
The complaint further alleges that the Association is liable to the plaintiff because Jones had a duty to report knowledge of Pope's previous activities to the Association and that the Association, through due diligence, should have discovered that Minister Jones had this knowledge. The claim for negligence is based on the Association's failure to act to prevent or stop Pope's abuse of the plaintiff based on Jones' knowledge. It is further alleged that the Association had a duty to provide a minister who would protect the parishioners from the deviant activities of Pope by disclosing knowledge of Pope's previous behaviors. Lastly, it is alleged that Pope's acts were foreseeable because the Association should have known, through reasonable diligence, that Minister Jones had prior knowledge of Pope's conduct.
 DISCUSSION 
"[A] motion to strike challenges the legal sufficiency of a pleading. . . ." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522, 753 A.2d 927 (2000). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the [pleadings] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.)Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
 Duty 
The defendant moves to strike the complaint on the ground that the plaintiff has not stated a legally sufficient duty or legally sufficient CT Page 712 breach of duty to find that the Association was negligent. To support the motion, the defendant argues that no court has held that an employee has a duty to report historical deviant sexual behavior of a non-employee to his employer. The defendant also argues that there is no case law which would require the Association to seek out this information from an employee about a co-worker who is not their employee.[3]
In opposition, the plaintiff argues that the Association is liable to the plaintiff through principles of agency. The plaintiff argues that, because Minister Jones was an agent of the Association, he had a duty to report to the Association information regarding Pope's prior sexual deviance and the Association had a duty to act on this information to protect the plaintiff.
"A motion to strike may be used to test whether Connecticut is ready to recognize some newly emerging ground of liability." Balsome v. QuarryTown Stables, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 080604 (August 4, 1997, Arena, J). In the present case, if the Association did not have a legal duty to act on the information regarding Pope's prior conduct, then the Association cannot be negligent for failing to act on that information, even if it can be imputed to the Association through agency principles. Therefore, the question is whether the Association had a legal duty to act on any information regarding Pope's prior conduct.[4]
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998). The determination of whether a duty exist between individuals is a question of law. Petriellov. Kalman, 215 Conn. 377, 382, 576 A.2d 474 (1990). "[O]nly if a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Petreillo v. Kalman, supra,215 Conn. 382-83. "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual." (Internal quotation marks omitted.) Jaworski v. Kiernan,241 Conn. 399, 405, 696 A.2d 332 (1997).
In the present case, the plaintiff seeks to hold a third party, the Association, liable for the actions of a minister who was an employee of the First Church. After a careful reading of the complaint, the court finds that there is simply not enough alleged to support a claim that the Association had a legal duty to act to prevent Pope's actions. The court CT Page 713 further finds that the plaintiff fails to allege facts to support a claim that the Association had a duty to report information regarding Pope's prior sexual abuse of children to the First Church. Lastly, the court finds that the plaintiff fails to allege facts to support finding that the Association owed any legal duty to the parishioners of the First Church.
"Existing Connecticut precedents impose only a limited duty to take action to prevent injury to a third person." Fraser v. United States,236 Conn. 625, 632, 674 A.2d 811 (1996). In Fraser, it was held that "absent a special relationship of custody and control. there is no duty to protect a third person from the conduct of another." (Internal quotation marks omitted.) Id.[5] In the complaint, the plaintiff alleges that the Association approved of Minister Jones. It is also alleged that Minister Jones and Minister Pope performed duties at the First Church, which was a member of the Association. The plaintiff fails to allege, however, that the Association had any power to control the actions of the First Church, or the actions of Pope within the First Church. Furthermore, while the complaint alleges that the Association had a duty to protect the parishioners of the First Church by disclosing its imputed knowledge of Pope's behavior, the complaint is devoid of allegations about the relationship between the parties which would give rise to the duty alleged.[6]
In the absence of a factual predicate for a special relationship of custody and control between the Association and the First Church, there is no nexus between the parties to allow a parishioner to claim that the Association acted negligently toward them by breaching a legal duty to them.
Accordingly, because the plaintiff's complaint fails to allege a legally sufficient cause of action for negligence, the defendant's motion to strike is granted.
D. Michael Hurley Judge Trial Referee