[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Robert Kinsey has filed an action against his former employer, the defendant, Guinness Bass Import Company, asserting a breach of contract claim based on the defendant's failure to pay the plaintiff his fully vested benefits. Subsequently, the plaintiff filed an amended complaint in which he added a second count asserting a claim of promissory estoppel. The amended complaint alleges the following facts: The plaintiff was hired by the defendant in 1983. The defendant was then known as the "Guinness Import Company." At the time of the plaintiff's hire, the parties entered into an employment contract which provided for the plaintiffs starting salary, bonus package, life and medical insurance and participation in the defendant's pension plan. The plaintiff alleges that in October of 1985, because of his performance and to induce him to continue his leadership, the defendant's board of directors voted to award him with an accelerated fully vested pension, providing that he could not collect the pension until he reached the age of sixty.
In 1987, the plaintiff left his employment with the defendant. In 1995, the plaintiff attained sixty years of age, and in 1997, he contacted the defendant and requested the commencement of his pension benefit payments. The plaintiff alleges that the defendant has failed, refused and/or neglected to pay him his pension benefits, and thus has breached its contract with the plaintiff. The plaintiff also alleges that from 1985 until 1997, he relied on the prospect of his pension award to his detriment in that he made no other retirement savings and/or investments, and therefore he seeks enforcement of the promised pension benefits.
The defendant filed a motion to strike the entire amended complaint on the ground that the plaintiff has failed to join an indispensable party, i.e., the Guinness Import Company Retirement Plan (the plan) and that the plaintiffs state common law claims for his pension benefits are completely preempted by § 514(a) of the Employee Retirement Income Security Act CT Page 11226 of 1974, (ERISA) 29 U.S.C. § 1001, et seq.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) Gazo v.Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001).
The defendant advances two rationales for striking the plaintiffs complaint. First, the defendant maintains that because the plaintiff is seeking pension plan benefits and has failed to join the plan as a party, the plaintiffs complaint must be stricken because the plan is an indispensable party.[1] The defendant's second rationale is predicated on ERISA preemption.[2] Specifically, the defendant contends that the plaintiffs claim for pension benefits is a suit brought by a plan participant and falls squarely within ERISA § 502(a)(1)(B), which provides the exclusive remedy for the resolution of such disputes.
In opposition, the plaintiff contends he has not failed to join a necessary party, nor is his claim preempted. The plaintiff asserts that he seeks nothing from the plan itself, but rather he brought this action against his employer for violating the terms of the employment agreement and making misrepresentations to him concerning benefits pursuant to that agreement, such as the promise that his benefits would vest when he became sixty. The defendant replies that the plaintiffs claim is "nothing more than a thinly disguised effort to engage in legal alchemy, " by "trying to convert what is obviously an ERISA based benefit claim against a pension plan into a damage claim against his employer." (Defendant's Memorandum, p. 12)[3]
"ERISA is a comprehensive [federal] regulation of employee welfare and pension benefit plans. . . ." (Internal quotation marks omitted.)Napoletano v. CIGNA Healthcare of Connecticut, Inc., 238 Conn. 216, 233,680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997). "The federal statute does not go about protecting plan participants and their beneficiaries by requiring employers to provide any given set of minimum benefits, but instead controls the administration of benefit plans . . . as by imposing reporting and disclosure mandates . . . participation and vesting requirements . . . funding standards . . . and fiduciary responsibilities for plan CT Page 11227 administrators. . . . It envisions administrative oversight, imposes criminal sanctions, and establishes a comprehensive scheme. . . . It also preempts some state law. . . . The preemption provision of ERISA,29 U.S.C. § 1144 (a) (1994), preempts any state law that may now or hereafter relate to any employee benefit plan. . . . A law that relates to a benefit plan and that also regulates insurance pursuant to29 U.S.C. § 1144 (b)(2)(A) and (B) is, however, exempt from ERISA preemption." (Citations omitted, internal quotation marks omitted.) Id., 233-34.
"Before a finding is made regarding ERISA preemption, the court must be able to find that the employee benefit plan at issue is in fact a plan that is regulated by ERISA. . . . Where there is no plan within the meaning of ERISA, there is no right of action under ERISA." (Citations omitted; internal quotation marks omitted.) Griffin v. Hartford Life Annuity Ins. Co., Superior Court, judicial district of Waterbury, Docket No. 156063 (August 7, 2000, Holzberg, J.). "Under ERISA, an employee welfare benefit plan is defined, in part, as any plan, fund or program . . . established or maintained by an employer. . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits. 29 U.S.C. § 1002 (1). To determine whether a particular plan qualifies as an ERISA plan, we ask whether the plan (1) exists; (2) falls within the safe harbor exclusion established by the Department of Labor; and (3) meets the ERISA requirement of establishment or maintenance by an employer for the purpose of benefitting the plan participants." (Internal quotation marks omitted.) McNeil v. Time Ins.Co., 205 F.3d 179, 189, (5th Cir. 2000), reh'g denied, 224 F.3d 767, (5th Cir. 2000), cert. denied, 531 U.S. 1191, 121 S.Ct. 1189, 149 L.Ed.2d 106
(2000).
"The question of whether ERISA applies to a particular plan or program requires an evaluation of the facts combined with an elucidation of the law." (Internal quotation marks omitted.) Rejouis v. Greenwich Taxi,Inc., supra, quoting, Johnson v. Watts Regulator Co., 63 F.3d 1129, 1132
(1st Cir. 1995); see also Gaiolini v. Harloc Products Inc., Superior Court, judicial district of New Haven, Docket No. 280976 (October, 26, 1990, Dorsey, J.) (denying the motion to strike on grounds of ERISA preemption because the court found it was unclear from the pleadings whether the insurance plan at issue was an ERISA plan); Provident Lifeand Accident Ins. Co. v. Cohen, 137 F. Sup.2d 631, 634 (D. Md. 2001) ("Ultimately, [t]he existence of an ERISA plan is a question of fact to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person" [internal quotation marks omitted]). CT Page 11228
In this case, whether the plan from which the plaintiffs benefits may derive falls within the ambit of ERISA thereby subjecting this action to ERISA preemption is not clear from the face of the complaint. Moreover, in the past, this court has held that "[a]n employer's decision to extend benefits does not constitute, in and of itself, the establishment of an ERISA plan. . . ." (Internal quotation marks omitted.) West v. NorwalkHospital, Superior Court, judicial district of Stamford, Docket No. 148195 (March 12, 1997, D'Andrea, J.) (19 Conn.L.Rptr. 67), quotingKulinski v. Medtronic Bio-Medicus, Inc., 21 F.3d 254, 256-57 (1994), aff'd, 60 F.3d 830 (8th Cir. 1995). Likewise, this uncertainty precludes the assumption that the plan is an indispensable party for purposes of this action. "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). "Where the legal grounds for . . . a motion [to strike] are dependent upon underlying facts not alleged in the plaintiffs pleadings, the defendant must await the evidence which may be adduced at trial, and the motion [to strike] should be denied." Id.
Accordingly, the motion to strike the plaintiffs complaint is denied.
So Ordered.
D'ANDREA, J.T.R.